CRARY and MORGAN *against* TURNER, Sheriff, &c.

THIS was an action of debt, for an *escape*. The cause was tried at the *Rensselaer* circuit, in 1809, before Mr. Justice *Van Ness*.

At the trial, the plaintiffs produced the record of a judgment against one *Arnold*, and the *ca. sa.* issued thereon, with the return thereon, by the defendant, of *cepi corpus in custodia*.

The defendant admitted that *Arnold*, after he was in custody, and before the commencement of the suit, went beyond the liberties of the gaol; but relied on the defence, that one *Daniel Wilcox*, the agent of the plaintiff, consented to the escape of *Arnold*, and was authorized to give such consent.

It was proved, that *Wilcox* had the management of some part of the unsettled accounts of the plaintiffs, who were merchants at *Hosick*, where *Arnold* lived; but the plaintiffs had removed into *Oneida* county. *Wilcox* procured the issuing of the writ against *Arnold*; and *Jeremiah Osborn* was the attorney for the plaintiff on record.

A witness for the defendant testified, that at a conversation between *Crary*, one of the plaintiffs, and *Harper Rogers*, who was bail for *Arnold*, for the liber-

The authority of a person, as agent for the plaintiff, to discharge a defendant from custody on execution, without satisfaction of the debt, must be clearly and fully proved, and strictly pursued.

Whether the attorney of the plaintiff on record, has power to discharge a defendant from custody, on execution, or acknowledge satisfaction, without payment of the debt, *dubitatur*.

ties of the gaol, *Crary* said he was informed of the judgment against *Arnold*, by a letter from *Wilcox;* and that *Wilcox* had done the best to collect his debts of any person he had employed.

It was also proved, that in a conversation between *Arnold* and *Wilcox*, before the escape, *Wilcox* told *Arnold* that he might go home, if he would give security; that at another time *Wilcox* and *Arnold* talked about a compromise, and *Arnold* gave *Wilcox* some obligations, or notes, and said if he could go home he would obtain more; and *Wilcox* told him, that if he went home no advantage should be taken of his bail, and that he might go home; and *Arnold* afterwards left the liberties, and went home.

*David Wilcox*, who was called as a witness for the plaintiff, testified, that he was never an agent for the plaintiffs, but only of *Crary*, who gave him a power of attorney, which was confined to the collection of debts. in justices' courts; that he never did any acts as agent for the plaintiffs; that by the desire of *Crary*, he requested the attorney to issue the writ against *Arnold;* that he met *Arnold* in *Troy*, who told him that he was going home, and that he would have gone, if the witness had not met him.

Further evidence was also offered by the defendant of the acts of *Wilcox*, in order to show his agency for the plaintiffs.

The judge charged the jury, that the plaintiff was entitled to recover; that admitting *Wilcox* was the agent for the plaintiffs, he had no authority to discharge *Arnold* from custody, without receiving the amount of the judgment, or security; that three of the witnesses proved an escape before the alleged compromise, though after the license, as stated by another witness; that the plaintiff, on this evidence, would be entitled to recover; that if *Wilcox* had been guilty of any fraud in procuring the escape of *Arnold*, it could not

affect the right of the plaintiffs to recover, unless they were privy to the fraud, of which there was no evidence. The jury, accordingly, found a verdict for the plaintiffs.

A motion was made for a new trial, for the misdirection of the judge.

*Foot*, for the defendant.

*J. Russel*, for the plaintiffs.

*Per Curiam.* The motion for a new trial is denied. There is no evidence, that *Wilcox* was authorized to discharge *Arnold* from the execution, or that the plaintiffs ever ratified that act of *Wilcox.* The evidence of his agency in the conduct of the suit was loose; and we ought to have clear and decisive evidence of the authority, before we conclude a party by such a high-handed measure, as the discharge of his debt by a third person, without satisfaction. It is a doubtful point, in the books, whether even such an act would be binding upon the plaintiff, if done by the regular attorney on record, to whom the law necessarily confides a pretty enlarged discretion and control over the suit. (1 *Roll. Abr.* 291. *M. pl.* 2. *pl.* 5. and *Payne* v. *Chute,* 1 *Roll. Rep.* 365.) But in a special agent, the authority must be well ascertained, and strictly pursued.

The escape being admitted, there was nothing shown to justify it; the verdict is agreeable to the evidence, and the charge of the judge, in all respects, correct.

Judgment for the plaintiffs.