Tuklev, J,,
delivered the opinion of the court.
The complainant and defendant are both creditors of Isaac Earthman, and the properly in dispute is the only means he has for the payment of his debts, and which is not sufficient to satisfy the demand of either claimant. The defendant, in addition to his rights as a creditor, claims the property by virtue of a purchase at execution sale, which purchase was however made before he had acquired his right as such.
The complainant insists, that before the right of defendant, as creditor, attached to the property, he had, under the provision of the act of 1824, c 20, redeemed the same by a payment to the clerk of the county court of Davidson, (the place where the judgment was rendered under which he claims) of the money bid by him for the property at execution sale, and ten per cent, thereon, he at the time being a non-resident of Davidson county. This is denied by the defendant.
*392 The proof shows, that before the defendant, obtained the 1 1 . under which he claims the right to hold the property, the complainant had, upon a judgment rendered previously thereto, in his behalf, paid to the clerk of the county court of Davidson, a check of J. & R. Woods, drawn upon the banking house of Yeatman, Wood’s & Co. for an amount, more than-sufficient to redeem and pay the amount bid by the defendant at the execution sale under which he claimed the property, before the date of his judgment, which check was received by the clerk as money; that the clerk was a man who had always money at his disposal, and could at any time have commanded greatly more than the amount of the check if it had been demanded of him, that he did not cash the check before the defendant was a creditor as well as purchaser, at which time the amount thereof was not sufficient to authorise a redemption of the property, under our statutory provisions.
The dispute in this case involves an abstract question of right between the parties; a loss to one is a gain to the other, and neither has any superior equity over the other. The consequence is that strict law must govern.
The defendant is in the better situation, as he holds the property by an execution sale, the consequence of which is, that his right fnust prevail, unless the complainant can show that he has complied with the provisions of the law, under which he claims to have redeemed. That law says, that “if any person or persons shall absent him or her, or themselves from his or their usual place of residence, or shall reside out of the county where the sale is made, it shall be lawful for a person wishing to redeem, to pay the redemption money to the clerk of the county court, who shall hold the same for the benefit of the person entitled thereto.”
The question then is, whether the payment of the check of J. & R. Woods is a-payment of money under the provisions of the law. It is argued that it is, because the clerk agreed to receive it as such; that all that was necessary to make it such, was a presentation at the bank and having the amount passed to his credit, and that if the clerk had always at bank an amount sufficient to pay the demand of the defen *393 dant, that he might take the check and hold himself responsible to the defendant for the amount thereof. To this soning we cannot assent. The clerk is a ministerial officer, whose duties and responsibilities are prescribed by law, and for the faithful performance of which, security is taken, the consequence is, that he cannot, so far as his securities are concerned, make them more extensive than they are made by law, because they are only responsible for their performance according to the Jaw. Therefore, a clerk who is wealthy and has money at command, can legally do no more than can one who is poor and dependant on his office for support. That a check for money is not money until it has been paid is too self evident to admit of argument, and the question is of necessity resolved into this proposition, whether a clerk can, by choosing to consider it as money, make it so? He can as well make any other chose in action money as this, and if he can make choses in action money, there is no reason why he should not any personal property, such as a negro, a horse, &c. That this cannot be done by an officer of the court, whose duties are prescribed by law, when money is required to be received, has been determined in every case where the question has been presented as the court believes. Upon this point see 1 Cowen’s Rep. 499: 6 John. 51.
If a clerk has money in bank, and is willing to appropriate it to the redemption of property for the benefit of another, and take from him something else in consideration thereof, before he can do so, the amount must be severed from his own by some act which will make it the property of the person redeemed, such as having it passed to his credit. It will not do to permit him to take property from a person wishing to redeem, upon a determination existing in his own mind, that he will consider a portion of his money as having been paid to him for that pupose, for inasmuch as he is not warranted by law in receiving any thing but money, his securities are not responsible for him until that has been paid to him, and upon an attempt to charge them, the investigation as to whether, when he received a horse, he did not in his own mind determine that he would hold a hundred dollars of his *394 money, as if it had been paid to him in lieu of the horse, would present a strange spectacle m a court of justice.
Being of the opinion then,, as we are, that the complainant p,ac[ no right to redeem but upon the payment of the amount of money required; that the clerk had no right to receive any thing else; that a check upon a bank is not money till it has been paid, which in the present case was not done, until a period after the defendant’s right as a creditor attached to the property, when the amount was not sufficient to authorise a redemption, we think the complainant has no right to the relief sought, and dismiss the. bill.
Decree affirmed.