### MILNER and others *against* GREEN.

Where the principal, against whom a commission of bankruptcy had issued, was arrested on a *ca. sa.* and discharged, it was held, that the *bail* was also discharged, and that there was no necessity to enter an *exoneretur* on the bail-piece.

Whether the court has power to discharge a defendant from execution, on the ground that a commission of bankruptcy had issued against him? *Quere.*

C. I. BOGERT moved that an *exoneretur* be entered on the bail-piece in this cause, or that all proceedings against the bail be discharged. The principal had been declared a bankrupt in Rhode Island, under the law of the United States, and was served with a notice to surrender on the 25th April instant. On the 15th April he was arrested here on a *ca. sa.* and discharged. *Bogert* cited the 22d section of the law. (Laws U. S. vol. 5, p. 45. 6 Cong. 1 sess. c. 19.)

*Per Curiam.* One of the conditions of the recognizance is, that the defendant shall surrender himself to prison ; and when the defendant was arrested by the sheriff on the *ca. sa.* the condition was strictly complied with, and the bail discharged from their responsibility. Where bail are discharged, by the taking of the defendant in execution, it is not usual, nor necessary, to enter an *exoneretur* on the bail-piece. On this ground we deny the motion. The bankrupt law is not to be construed injuriously to bail. It was not made to affect their rights, but those of the plaintiffs ; and if the defendant has been discharged in a manner *inconvenient* to the plaintiffs, it results from the bankrupt

(*a*) See Graham's Practice, 294, and cases.

act, or from the sheriff, who *will be answerable, if  [*284]
the act does not authorize a discharge.(a)

Motion denied.(b)

(a) [Old note.] In *M'Master* v. *Kell*, (1 Bos. and Pull. 302,) the court of
C. B. in England, decided that they had no power to discharge a defendant
out of execution, on the ground that a commission of bankruptcy had been
since issued against him by the plaintiff. Eyre, C. J. said there had been
no instance of such an application. "Suppose," says he, "the lord chan-
cellor should think fit to supersede the commission, then we shall have dis-
charged the debtor, because a commission has issued against him, and the
lord chancellor will have superseded the commission, because the party has
been charged in execution."

(b) The discharge of bail is fully considered in Mr. Graham's Practice, 2d
ed. 434, *et seq.* He observes: "It has been held by this court that the court
will, on motion, discharge an insolvent who has obtained his discharge under
the act, since the judgment, without inquiring into the validity or regularity
of the discharge. (9 Wendell, 431.) Although, according to the English
practice, if the validity of the discharge be disputed, the court will order an
issue to try the fact, before they will direct an *exoneretur* to be entered ; (2
B. & P. 390 ; 6 Taunt. 75 ;) but they will not direct an issue to try those
facts, as to which the discharge is rendered conclusive evidence, by statute.
(1 B. & Ald. 433.)   In England, also, an *exoneretur* has been ordered to be
entered on the bail-piece, where the defendant had become a bankrupt, and
obtained his certificate in a foreign country, after the contraction of the debt,
and it appeared that the plaintiff resided in the same country with him at the
time of the bankruptcy ; (4 T. R. 185, *n. ;*) but that court refused to do so, in
another case, where it appeared that the plaintiff was resident in that country
at the time of the defendant's bankruptcy abroad.   (8 T. R. 609.)   And in a
still more recent case, the C. P. in England refused to order an *exoneretur* to
be entered, on the ground of the defendant having obtained a certificate of
bankruptcy in Ireland, where the bill of exchange on which he was arrested
was made payable in England ; but directed an issue, to inquire where the
cause of action arose.   (5 Moore, 331 ; see 3 Moore, 244.   See also note to
*Kane et al.* v. *Ingraham, infra,* p. 402.)