NEW-YORK,
May, 1810.

SMITH and others *against* ROSECRANTZ.

SMITH
v.
ROSECRANTZ.

SILL, for the defendant, moved to set aside the *ca. sa.* issued in this cause, and that the defendant be discharged from imprisonment.

The defendant was special bail for *Benjamin Hutchins*, at the suit of the plaintiffs, in an action on the case, commenced in this court, at *February* term, 1807, on which a judgment was obtained, and an execution issued. The defendant was sued, as of *August* term, 1808, as special bail, on his recognisance; and the plaintiff obtained judgment in *November* term, 1808, and issued a *fi. fa.* which was returned *nulla bona*, at *February* or *May* term, 1809. The plaintiff then caused a second *ca. sa.* to be issued against *Hutchins*, returnable at *May* term, 1809, upon which he was arrested and imprisoned. While *Hutchins* was imprisoned, the plaintiff issued a *ca. sa.* upon the judgment, against the defendant, returnable in *November* term, 1809, upon which he was taken, and is now in custody. The court of common pleas of *Madison* county, in *January*, 1810, discharged *Hutchins*, under the act for the relief of debtors, with respect to the imprisonment of their persons.

*The plaintiff has his election, either to take an execution against the body of the defendant or his bail; but he cannot have both; and having taken the bail on a ca. sa. he cannot, afterwards, resort to the principal, and take him in execution; or vice versa.*

*Sill* cited *Cro. Jac.* 320.

*Platt*, contra, cited, 1 *Ventris*, 315. 2 *Mod.* 312. 2 *Lev.* 195.

*Per Curiam.* After the plaintiff had obtained judgment against the defendant, he had his election to have execution against the body of the principal, or of the bail; but when he has taken one in execution, he then

loses his election, and cannot resort to the other. If he takes the bail in execution, he cannot afterwards resort to the principal, and take him in execution, for he has made his election; and so if he has execution against the principal, he cannot afterwards resort to an execution against the bail. This is the doctrine in *Higgins's* case, which is summarily reported in *Cro. Jac.* 320. and in 1 *Roll. Abr.* 897. G. but more fully, and with a clear and precise declaration of the law, in 2 *Bulst.* 68. The case of *Astre* v. *Ballard*, as reported in 1 *Vent.* 315. intimates that a different rule had afterwards been laid down; but the case is there very loosely reported; and the report of the same case in 2 *Mod.* 312. 2 *Lev.* 195. and 2 *Jones*, 75. contains no such intimation. The true rule of law must, therefore, be considered to be that which is declared in *Bulstrode*, by the unanimous opinion of the court of K. B.

Motion granted.