NEW-YORK,<br>October, 1816.<br>JACKSON<br>v.<br>BENEDICT.

Judgment accordingly,

---

JACKSON, *ex. dem.* SPENCER, *against* R. BENEDICT.

THIS was an action of ejectment for lot No. 7., in *Fabius,* set down to be tried at the *Onondaga* circuit, in *June,* 1816, and the facts being agreed to by the parties, the following case was submitted to the court.

Ebenezer Bebee, on the 9th of *July,* 1814, recovered judgment in this court, against *Gilbert Benedict,* to whom the premises in question belonged; and who, on the 22d *July,* 1814, was imprisoned on a *ca. sa.* issued on that judgment, returnable

Pending the imprisonment of a debtor, on a <i>ca. sa.,</i> another creditor obtained a judgment against him, on which a <i>fi. fa.</i> was issued, and the real estate of the debtor levied on and sold by the sheriff. The debtor having been afterwards discharged from impri-

sonment, under the *act for the relief of debtors, with respect to the imprisonment of their persons,* (1 N. R. L. 348.) a *fi. fa.* was issued on the first judgment, according to the provisions of the act. It was *held* that the *lien* of the first judgment was suspended during the imprisonment of the debtor, on the *ca. sa.,* and that the new execution could have no priority to any *lien* created, or right acquired by others, during the imprisonment; and the sale under the *second* judgment was, therefore, good.

NEWYORK,
October. 1816.

JACKSON
v
BENEDICT.

in *August* term, 1814. During the time he was so imprisoned, *Samuel S. Baldwin* recovered a judgment against him, in the *Onondaga* common pleas, on the 18th of *October*, 1814, on which judgment *Baldwin* issued a *fi. fa.*, by virtue of which the premises in question were sold, and conveyed by the sheriff to *Isaac Howell*, under whom the defendant claimed. The deed of the sheriff was dated the 13th *March*, 1815. On the 29th of *May*, 1815, *Gilbert Benedict* was discharged from his imprisonment on the suit of *Bebee*, by the court of common pleas of *Onondaga* county, pursuant to an act entitled " an act for the relief of debtors with respect to the imprisonment of their persons," passed the 9th of *April*, 1813.(a) *Bebee* then issued a *fi. fa.* on his ejectment, tested the 13th of *May*, returnable in *August*, 1815, against the property of *Benedict*; and the premises in question were levied on and sold by the sheriff, by virtue of the *fi. fa.*, to the lessor of the plaintiff, and a deed to him was executed by the sheriff on the 7th of *September*, 1815.

The only question was, whether the sale of the premises in question, under the judgment in favour of *Baldwin*, was good as against the lessor of the plaintiff; and it was agreed, that if the court should be of opinion that it was good, a judgment of nonsuit should be entered, otherwise, a judgment was to be given for the plaintiff.

The cause was submitted to the court without argument.

*Per Curiam.* Both parties claim title to the premises in question, under judgments against *Gilbert Benedict*, in whom the title is admitted to have been duly vested. The judgment under which the lessor of the plaintiff claims was first docketed ; and admitting that, in ordinary cases between judgment creditors, this would give it priority, yet, under the circumstances of this case, it must be postponed, and preference given to the second judgment. On the first judgment, which was obtained in this court, a *ca. sa.* was issued, and the defendant, *Gilbert Benedict*, was arrested and imprisoned thereon. Whilst he was so imprisoned, a *fi. fa.* was issued on the second judgment, which

(a) By the *third* section of this act, (1 *N. R. L* 349 ,) it is declared, " that notwithstanding such discharge, every debt and demand, judgment and decree, against the person so discharged, shall remain good against the estate, real and personal, of such person," &c., " and any creditor, &c., may, at any time after such discharge, sue out a new execution, &c., for this said debt. &c., against the estate, &c., in the same manner and form as if such person had never been confined for the same."

was obtained in the *Onondaga* common pleas ; and the premises in question levied upon and sold, and a deed given by the sheriff to *Isaac Howell*, under whom the defendant claims: *Gilbert Benedict*, having been discharged from imprisonment, under the act relative to the imprisonment of the person, a *fi. fa.* was taken out on the first judgment, and the premises again sold by the sheriff, and purchased by the lessor of the plaintiff. From these facts, it appears that the plaintiff, in whose favour the first judgment was obtained, had made his election as to his execution; and having taken the body of the defendant, he could not afterwards have recourse to his property, except in the special cases provided for by the statute, as where the defendant dies in prison, or where he is discharged under the statute, as was the case here. But these are contingencies which may never occur, and it would be extremely unjust to continue the *lien* on the property after the body has been taken in execution. It would, in effect, be giving to a *ca. sa.* an operation upon the land, as well as the body of the defendant. Taking the body in execution is a discharge of the judgment, except where otherwise provided by statute, and the imprisonment of the person must be a suspension of the lien. The defendant in such case would have a right to sell his property, either real or personal ; and the execution, allowed by the statute to be taken out, after the discharge, against his property, cannot claim priority to any lien created, or right acquired, by others, during the imprisonment of the defendant. Judgment of nonsuit must, accordingly, be entered, pursuant to the stipulation in the case.