## STEWART *against* McGUIN.

ASSUMPSIT, upon a contract of surety. The plaintiff sued one *Whitford Gill,* before a Justice, by a warrant, issued upon oath. The parties joined issue; and, on *Gill's* requesting an adjournment, the Justice accepted the following writing, which was entered in his docket, as security for *Gill's* appearance :

"*John Stewart,*
v.
*Whitford Gill.*  } 24*th Oct.* 1820. I hereby acknowledge myself as bail for an adjournment in this entitled suit, agreeably to law, until the 13*th Nov.* 1820, at two o'clock, P. M.

*Daniel McGuin.*"

rity, within the 4th section of the 25 dollar act. The statute prescribes no particular form for such a security. An adjournment is a sufficient consideration for a promise. And that appearing upon the face of the contract, takes it out of the statute of frauds. Assumpsit is the proper action upon such an agreement. It is not a recognizance. Charging the principal, in execution, does not, in such a case, discharge the surety. Otherwise, had it been under the 5th section of the 25 dollar act : or upon a recognizance of bail in a court of record. But even there, the charging one of two bail in execution, will not discharge the other. In an action against the surety for an adjournment, under the 4th section of the 25 dollar act, the original judgment is the measure of damages. The adjournment must be on oath, to bring the security within the 5th section of that act.

**[margin note:]** NEW-YORK, May, 1823.

STEWART
v.
McGUIN.

A writing, entered in the Justice's docket, on the return of a warrant issued upon oath, and on the defendant's request to adjourn, whereby one acknowledges himself bail for an adjournment, "agreeably to law," tho' the adjournment be for more than 12 days, is a valid security no particular

NEW-YORK,      *Gill* failed to appear at the adjourned day, but the plain-
May, 1823.     tiff proceeded and took judgment for $46,42.  He after-
STEWART        wards took out execution, which was returned *nulla bona.*
    v.         *Gill* was committed to gaol thereon, where he continued till
McGUIN.        discharged under the 12th section(a) of the twenty-five dol-
(a) 1 R. L.    lar act.  The parties agreed, on the above case ; and that
394.           judgment might be entered as the Court should thereon di-
               rect.

               *Butterfield,* for the defendant.   1.  The writing on which
               the plaintiff founds his action, is not the *security* mentioned
               in the statute, (1 R. L. 389, sec. 4.)   It is vague and gene-
(b) 7 John. 18. ral.   In *M'Nutt* v. *Johnson,*(b) the Court decide that it must
               be a recognizance, or, at least, a written engagement.   But
               what is the use of a written engagement, unless it express the
(c) James v.   terms of the contract?   2.  The action should have been
Henry. 16      debt.   Assumpsit will not lie on a Justice's judgment.(c)
John. 233.
(d) 7 John. 18. He may take a recognizance of bail,(d) which is an obliga-
               tion of record, of equal degree with his judgment, and as-
(e) 1 Ch. Pl.  sumpsit will not lie on an obligation of record.(e)   A Jus-
94, and the ca- tice's Court is a court of record, at least for certain pur-
ses there cited. poses ; and, if this writing is any thing, it is a recognizance.
               It was taken in open Court, before the Justice, and on his
               docket, the only record of his Court.   3.  There is no con-
(f) McNutt     sideration stated in this contract.   Being within the statute
v. Johnson, 7  of frauds,(f) the *consideration,* as well as the promise, must
John. 18.
(g) Sears v.   be stated.(g)   4.  The arrest and commitment of *Gill,* was
Brink, 3 John.
Rep. 210. Fish either a direct compliance with the undertaking, or a dis-
v. Hutchinson, charge of the surety.   This being an adjournment for more
2 Wils. 94.    than 12 days, and no consent of parties appearing, must be
(h) 1 R. L.    presumed an adjournment under the 5th section,(h) by which
389.           a surrender, in execution, discharges the bail.   By the ar-
(i) Milner et  rest, this condition was strictly complied with.(i)   But allow
al. v. Bogert, the security to have been taken under the 4th section, when
2 John. Cas.
283.           *Gill* was committed the debt was satisfied.   The object of
               requiring the security was accomplished.

(j) 7 John.    *M'Carty,* for the plaintiff.   1.  The particular kind of se-
Rep. 19. Lov-  curity, required in this case, is not designated by the act.(j)
ett et al. v.
Green,   12    The contract is certain enough.   The writing is in the docke
John. 204,

et. It forms a part of the proceedings in the cause ; and the defendant acknowledges himself bail for an adjournment, in that cause, "*agreeably to law.*" He thus refers to the law, for the nature and extent of his liability. 2. The security sets forth the considertion, viz. an adjournment. The law, requiring the security to *obtain* the adjournment, constitutes the consideration. A mere legal liability is sufficient.(*k*) Again : the adjournment was a consideration, as being an injury to the plaintiff, and a benefit to the defendant.(*l*) 3. This is not a recognizance, which is defined, *an acknowledgment of a former debt, conditioned to be void,* &c.(*m*) It is an obligation of record ;(*n*) and is not a record till enrolled in some court of record.(*o*) This is not an action upon the judgment, but merely upon a simple contract to pay the judgment ; and being to pay the debt of another, assumpsit is the only proper action.(*p*) 4. On the non-appearance of *Gill*, the surety became bound to pay the judgment. The objection, that the imprisonment of the principal discharged the surety, is founded on the case of *Smith et al.* v. *Rosecrantz ;*(*q*) but in *Powell* v. *Smith,*(*r*) the Court(*s*) say, that the rule adopted, in that case, "is a technical one, founded on the nature of the recognizance of bail. This is not so, as to the relation of principal and surety ;" which exists in this case. Indeed, the plaintiff was under a moral obligation to attempt a collection of the principal, in the first instance.(*t*) This was clearly an adjournment under the 4th section. Its being for more than 12 days, was by consent The adjournment was *on the return of a warrant*, the very case provided for in that section. The 5th section provides, *in terms*, for other and distinct cases.

*Curia*, per SUTHERLAND, J. The writing signed by the defendant is sufficient, in law, to render him liable to the plaintiff for the amount of his recovery against *Whitford Gill.* The statute prescribes no form in which the security shall be taken. It is only requisite, that it should be in writing, so as not to come within the statute of frauds; and that it should express the purpose for which it is given. Where the object is expressed, the consideration, of course, appears. For the only

NEW-YORK,
May, 1823.

STEWART
v.
McGUIN.

(*k*) 1 *Ch. Pl.*
295.
(*l*) *Miller* v.
*Drake,* 1
*Caines' Rep.*
45. *Powell* v.
*Brown,* 3
*John. Rep.*
100. *Allaire* v.
*Ouland,* 2
*John. Cas.* 52.
(*m*) *Jac. L.
D. Recognisance.*
(*n*) *Id.* and 2
*Tidd's Prac.*
984.
(*o*) 2 *Tidd's
Prac.* 985.
(*p*) 1 *Ch. Pl.*
94, 339. 1
*Salk.* 23.
(*q*) 6 *John.
Rep.* 97.
(*r*) 8 *John.
Rep.* 249.
(*s*) *Id. p.* 252.

(*t*) 17 *John.*
393.

NEW-YORK, May, 1823.

STEWART v. McGUIN.

(u) Elting v. Vanderlyn, 4 John. Rep. 237.

(v) 7 John. Rep. 18.

end of giving the security, is to procure an adjournment of the trial, and the adjournment is a sufficient consideration to support the promise of the surety, to pay the amount which may be recovered against the defendant, if he does not appear on the day to which the cause is adjourned. It is analagous to forbearance to sue ; which is a sufficient consideration for a promise to pay the debt of another.(u) This Court, in M'-Nutt v. Johnson,(v) which was a case under this same statute, decided, that the promise or engagement of the surety must be in writing. The undertaking of the surety, proved in the last case, was nearly in the very words of the instrument declared on in this ; and it is tacitly admitted by the Court, that it would have been sufficient had it been in writing.

Assumpsit is also the proper form of action, for the enforcement of this agreement. The suit is not brought upon the judgment obtained against *Gill* ; nor could any action be founded upon that judgment against *McGuin*. The amount recovered against *Gill*, is the measure of damages in the suit against *McGuin* ; and that judgment is evidence of the amount which the plaintiff is entitled to recover, if he can recover at all. Whether he can recover at all, depends, not upon that judgment, but upon the written agreement of the defendant, which we have been considering.

The case of *James* v. *Henry* is, therefore, altogether inapplicable ; as it merely decides that *assumpsit* will not lie upon a Justice's judgment, but that the action must be *debt.*

The instrument is too informal to be considered a *recognizance.* It contains neither amount, nor condition. It does not purport to be acknowledged before the Justice. And if it had not been written in the docket of the Justice, the idea, of its being a recognizance, would never have occurred to any body. That circumstance is not sufficient to transform so loose a memorandum into an acknowledgment of a debt of record.

The form of the action cannot, therefore, be impeached on this ground. Nor is the defendant discharged from his liability as surety, in consequence of *Gill's* having been arrested upon the judgment obtained against him. The undertaking of the defendant was to pay the amount that might be

recovered against *Gill*, if he did not appear to defend the suit. The adjournment was evidently under the *fourth* and not under the *fifth* section of the act; because it is apparent from the case, that it was granted upon request merely. If it had been under the *fifth* section, the oath of the party, of the want of some material testimony or witness, would have been necessary to have procured it. The object of giving the surety was not, therefore, accomplished by the charging of *Gill* in execution, as it would have been, had the proceedings been under the *fifth* section.

This is a case of *principal* and *surety*, and not of *principal* and *bail*. Both may therefore be charged in execution, and the debt is not satisfied by the taking of either; nor is the taking of one a discharge of the liability of the other.(w) *(w) Blumfield's case, 5 Coke, 87. Cro. Eliz. 851. Powell v. Smith, 8 John. Rep. 249.*

It is otherwise, as to *principal* and *bail;* there the plaintiff has his election, to have execution against the body of either; but he cannot have it against both. This results from the nature of the recognizance of bail.(x) But if two be bail, although one be in execution, yet the other may also be taken.(y) *(x) Smith & others v. Roscrantz, 6 John. Rep. 97. (y) Higgins' case, Cro. Jac. 320.*

Judgment for the plaintiff.