[PHILADELPHIA, JANUARY 14, 1830.]

§ PALETHORPE *against* LESHER.

### IN ERROR.

Where a defendant, in custody on an execution, gives bond with surety to take the benefit of the insolvent laws, and forfeits his bond, a second execution may be issued against him. But if, when he is in custody under the second execution, the plaintiff discharges him from prison, without the assent of the surety, the debt is satisfied, and no action can be maintained against the surety upon the bond.

THIS was a writ of error to the Court of Common Pleas of the county of *Philadelphia*.

The suit was originally instituted before alderman *Binns*, by the plaintiff in error, against the defendant in error, upon an insolvent bond. The facts of the case were these:—The plaintiff sued one *Enoch Carter* before the same alderman on the 18th of *December*, 1825, and obtained judgment for eighty-eight dollars and fifty-one cents, with costs. On the 13th of *January*, 1826, the present defendant, *Christian Lesher*, became special bail for *Carter*. On the 8th of *November*, an execution issued against *Carter*; and on the 15th of *November*, 1826, a bail-piece was taken out against him. He then entered into a bond to take the benefit of the insolvent law, with the defendant, *Lesher*, as his surety. This bond was, on the 7th of *February*, 1827, forfeited, because *Carter* did not appear to take the benefit of the insolvent law, according to the conditions of the bond. On the next day, an *alias* execution was sued out by the plaintiff against *Carter*, who, in consequence thereof was, on the 19th of *February*, arrested and imprisoned. On the last mentioned day, *this suit* was instituted before alderman *Binns* against the present defendant, upon the insolvent bond, and judgment was rendered for ninety-six dollars and nine cents, from which the defendant, on the 21st of *February*, 1827, appealed. On the 3d of *March*, 1827, *Enoch Carter* was discharged from prison, by the plaintiff's order to the keeper, without the knowledge, or assent of *Lesher*. The judge below charged the jury in substance, that upon the foregoing facts, the plaintiff could not recover, as he had lost his remedy against *Lesher*, upon the insolvent bond, by discharging *Carter* from prison; and this the plaintiff now assigned for error.

*Dallas*, for the plaintiff in error, cited, 2 *Tid. Pr.* 957. *Sharpe* v. *Speckenagle*, 3 *Serg. & Rawle*, 465.

*Perkins*, for the defendant in error, referred to *Smith* v. *Rosecrantz*, 6 *Johns. Rep.* 97.

The opinion of the court was delivered by

SMITH, J.—On the part of the plaintiff in error, the legality of

(Palethorpe *v.* Lesher.)

the *alias* execution of the 8th of *February*, against *Carter*, is denied; but it was correctly answered, that there is nothing in the act of assembly which forbids, in this case, the issuing of a second execution, if the plaintiff chooses.  The act, when it took a debtor, arrested in execution, from the officer of the law, and thereby delayed the plaintiff from the fruits of his judgment, intended to give an additional security for the debt, and by no means to take from the creditor any security which he already had.  When the debtor gives the bond with security, required by the act, and appears in court, according to the condition of his bond, but does not comply with the requisitions of the law, or the orders of the court, he is remanded to prison, and is there, on the original execution, upon which he was arrested.  If the debtor does not appear, at the next term, the bond is forfeited.  The debtor may then be fairly considered as having escaped out of custody, or as having fraudulently got out of the hands of the law; and this fraud, or non-compliance with the condition of his bond, cannot affect his creditor, who may, if he chooses, take another execution against him for his debt.

The effect which would be produced by the contrary doctrine, is not to be overlooked.  A law, made for the relief of insolvent debtors, ought to be so construed as not to injure creditors.  If, however, the opposite doctrine be true, the debtor, who can deceive the officer and the judge, and give an *insolvent* as bail, would be enabled to discharge himself of his debt, and keep his property; or, suppose he gives a solvent bail, who should, before the appearance day of the debtor, go on a voyage to *China*, or on a journey to a distant land, might not the debtor in the mean time, live in affluence, and the creditor starve, or wait for his debt, until the bail returned; or, if the debtor remove from this to another country, leaving lands here, might he not draw the rents and profits without molestation from his creditor?  To such consequences, that doctrine might lead; consequences, which were surely not within the contemplation of those who passed our acts of insolvency.  I am, therefore, of opinion, that a second execution in such case, may be issued, and that the execution of the 8th of *February*, was issued in this case legally.  On this execution, *Carter* was arrested and imprisoned for twelve days, and was then discharged by the orders of the plaintiff.  The question is, whether that discharge is an exoneration of *Lesher* from the insolvent bond given to the plaintiff.  I consider the defendant as unquestionably liable to the plaintiff, on the bond, when *Carter* did not appear in court, according to the terms of it.  But on the same day that he took an *alias* execution against *Carter*, he sued *Lesher* alone on the bond, and proceeded with both processes.  I have not been able to find an adjudged case in point.  But in *Smith* v. *Rosecrantz*, 6 *Johns.* 97, it is said, that after the plaintiff has obtained judgment against the defendant, he has his election to have execution against the body of the principal, or of the bail; but when he has taken one in execution, he cannot resort to the

(Palethorpe *v.* Lesher.)

other, to have plenary satisfaction of his judgment. And I take the law to be well settled, that if a creditor, (an obligee,) discharges a principal debtor, or in any considerable degree lessens his responsibility, without consulting the surety, the surety is discharged. In the case before us, *Carter* was in actual confinement on a second execution, from which the plaintiff discharged him, without the knowledge or consent of *Lesher.* It is true, the modern cases decide, that an escape of the defendant in execution, either directly or indirectly, or by fraud, is not a discharge; yet, they all agree, that if the plaintiff himself discharges the defendant, he releases him from further execution 'of his person on the judgment, and releases all others, who were bound for the same. In *Sharpe* v. *Speckenagle,* 3 *Serg. & Rawle,* 464, it is declared, that although arrest and confinement on a *Capias ad Satisfaciendum,* are not a satisfaction of the debt, yet, if the plaintiff consents to the discharge, "then, indeed, the debt is gone." So, on the discharge of *Carter,* by the plaintiff's order, we are of opinion, the debt was gone, and, therefore, *Lesher* was no longer liable. The judgment of the Court of Common Pleas in this case must be affirmed.

Judgment affirmed.