By the Court,
Bronson, J.
The second plea does not show a satisfaction of the judgment. The allegation is, that by virtue of the fieri facias the damages were levied on the goods and chattels, lands and tenements of the judgment debtors. It should have been, that the damages were levied of the goods &c. A mere levy upon lands never amounts to satisfaction. (Shepard v. Rowe, 14 Wend, 260.) Nor does a levy upon goods, even where they are of sufficient value to pay the debt, necessarily amount to a satisfaction. (Green v. Burke, 23 Wend. 490.) Here the levy was upon lands as well as goods, and there is no averment that either or both of them were of sufficient value to pay the debt, or that any sale or satisfaction has followed. The plea is clearly bad.
The fourth plea and the replication to it present questions of more difficulty. A new provision was made in 1830, that a when an execution issued upon any judgment shall be returned satisfied in whole or in part, such judgment shall be deemed satisfied to the extent of the amount so returned as having been collected on such execution, unless such return be vacated by the court. And upon any execution being so returned, the clerk of the court shall enter in the docket of such judgment, the fact that the amount stated in such return to have been levied, has been collected. ” (2 R. S. 362, § 26.) In April, 1836, the sheriff returned the execution satisfied, and the clerk entered the satisfaction in the docket of the judgment. Two years afterwards, Ranney & Grove made a Iona fide purchase of the lands of which they are returned tenants. Three months after that, an order was made by this court al *622 lowing' the sheriff to strike out his return upon the execution and make a new one. The sheriff struck out the original return and made a new one, that the execution was returned unsatisfied by direction of the plaintiffs. Upon this state of facts, and assuming that the plea is well pleaded, we are of opinion that the plaintiffs cannot reach the lands in the hands of these terre-tenants. They purchased at a time when the judgment had ceased to be a lien, and it would be a great hardship Upon them to give such a retroactive effect .to the amendment which the sheriff was afterwards allowed to make in his return as would overreach and defeat their title. If it was the fault of the plaintiffs that the original return was wrong, they ought to bear the burden instead of casting it off upon bona fide purchasers. If the sheriff made a false return, the plaintiffs may have an action against him; and it is much more reasonable to confine them to that remedy, than it would be to allow them to visit the fault of the officer upon innocent third persons. In Lownds v. Remsen, (7 Wend. 35,) the sheriff was sued for the escape of a prisoner from the jail limits, and he produced a forged satisfaction piece which had been filed with the clerk, and upon the authority of which the clerk had entered satisfaction in the docket of the judgment. This was held to be no justification of the sheriff. But how it would have been had the sheriff acted upon the supposed satisfaction, as by discharging the debtor from actual custody or delivering up the limit bond, Was not decided. Here the terre-tenants have acted and parted with their money upon the faith of the satisfaction. And besides, the satisfaction was not based upon a forgery, but upon the official act of a high public officer.
It is true that the statute, in providing that the court may vacate the sheriff’s return, has not saved the rights of purchasers who may have acted upon the faith of the return. But I think the principle established in Jackson v. Benedict, (13 John. 533,) covers the case. The statute for the relief of imprisoned debtors gave a new execution against the goods and. lands of the discharged debtor, in the same manner and form *623 as though,he had never been taken in execution, and did not save the rights which any third person might have acquired prior to the discharge. (1 R. L. 349, § 3, 7.) And yet, in the case cited, such rights were protected. It was an action of ejectment, and both parties claimed the land under sales upon judgments against the same debtor. The plaintiff’s judgment was the oldest, and on that the debtor was taken in execution. Pending his imprisonment, another creditor obtained a judgment and sold the land to the defendant. The debtor was then discharged, and the plaintiff thereupon issued execution and sold the same land. Although the plaintiff had the oldest lien, the defendant’s title prevailed. The court said, “ taking the body in execution is a discharge of the judgment, except where otherwise provided by statute, and the imprisonment of the person must be a suspension of the lien. The defendant in such a case would have a right to sell his property, either real or personal; and the execution allowed by the statute to be taken out after the discharge, against his property, cannot claim priority to a lien created or right acquired by others during the imprisonment of the defendant. ” That is a stronger case than the one now before us. There, the second creditor knew that the first had nothing more than a nominal satisfaction by the imprisonment of the debtor, and he knew also that the first creditor would be entitled to a new execution in case the debtor should obtain a discharge. Here, the terre-tenants had record evidence that the plaintiffs had obtained actual satisfaction of their judgment, and they had no reason to suppose that there had been any mistake on the part of the plaintiffs or wrong on the part of the sheriff, which would aúthorize the vacating of his return.
It is a general principle, that transactions between A. and B. whether in or out of court, shall not have such an effect as will take away the previously acquired rights of third persons; and this statute should be so construed as not to revive the lien of the judgment, as against a bona fide purchaser. As against *624 the debtor, his heirs and devisees, and others who will sustain no legal injury, the lien may be revived and carried back to the date of the original docket.
But although the principle of the plea is well enough, it does not state all the necessary facts to make out a good answer. The terre-tenants say they are bona fide purchasers for a valuable consideration; but they do not state from whom they purchased. It may be that the purchase was made from one who was an utter stranger to the title of Cronkhite and Springsteen ; and then the plea is bad, because it does not show that the title under which the tenants hold is paramount to the title of the judgment debtors. If the tenants were aiming at such a defence, they should, perhaps, have said directly that the judgment debtors were not seised of the lands at the time the judgment was do’cketed, or at any time afterwards. (See Com. Dig. Pleader, (3 L. 14).) But I presume they meant to admit that the judgment was once a lien on the land, and then to set up a purchase from the judgment debtors, or from some person who had acquired their title, intermediate the satisfaction of the judgment and the amendment of the sheriff’s return. The fact of a purchase from or under the judgment debtors is not stated in the plea ; and without that fact, or a denial of the seisin of the judgment debtors, the plea cannot be supported.
Judgment for the plaintiffs.