## JOHN D. WARREN *vs.* ELIAB GILMORE & another.

Sureties on a bailbond are discharged by a commitment of the principal on an alias execution, although a *scire facias*, commenced after a return of *non est inrentus* upon the first execution, be pending at the time of such commitment.

THIS was *scire facias* against bail, and was submitted to this court on facts agreed, of which the following are the most material: The plaintiff sued out a writ from the court of common pleas against Alfred B. Tilton, on the 11th day of January, 1850, on which being arrested, said Tilton gave a bail bond with the defendants as sureties. Judgment was rendered in said suit, at the October term of said court, 1850, and execution was issued on the 4th December following. This execution was returned in January, 1851, *non est inventus*, and in no part satisfied. This action was commenced January 14th, 1851, and was entered at the next April term. On the 31st March, 1851, said Tilton appeared at the jail and gave bond for his reappearance at the jail on the thirtieth day of April following, and on the same day the defendants gave the plaintiff written notice that they had surrendered Tilton to the jailer. On the 21st of April, 1851, the plaintiff sued out an alias execution against Tilton, on which he was arrested and gave bond for the prison limits. He was duly discharged as a poor debtor, May 15th, 1851. On June 7th, 1851, the defendants paid into court in this action, $21.92, the amount of the legal costs to that day, which was then taken out by the plaintiff. The parties submitted to the court upon these facts whether the plaintiff was entitled to recover, either the original debt or the costs of this suit, or whether the defendants were entitled to costs since June 7, 1851.

*C. M. Ellis,* for the plaintiff.

*C. P. Curtis, Jr.* for the defendants.

METCALF, J.    The *St.* of 1817, *c.* 146, which first author-
ized bail to discharge themselves by committing their principal
to jail, and giving written notice to the plaintiff, or his attor-
ney, of the time and place of the commitment, contained a pro-
vision that if such commitment should be made after a writ
of *scire facias* had issued against them, they should pay the
costs thereof before they should be discharged.    But no time
was expressly prescribed, within which those costs should be
paid, in order to entitle the bail to a discharge.    When the
statutes were revised, the provisions of *St.* 1817 were substan-
tially reënacted by *c.* 91, §§ 12–18.    And by section 17 it was
enacted, that if the surrender of the principal to the jailer be
made after a writ of *scire facias* has issued against the bail,
they " shall, within fourteen days after the surrender, pay the
costs of suit on the *scire facias.*"    In the present case, the
defendants did not, within fourteen days after they surrendered
Tilton to the jailer, pay the costs of a *scire facias* that had
issued against them before the surrender.    And the plaintifl
contends that they, therefore, are not discharged from their
liability as bail; the payment of those costs within fourteen
days being, as he insists, a condition precedent to their dis-
charge.    Possibly this might be so, if the defendants had no
other ground of discharge besides the surrender and the pay-
ment of the costs into court after the fourteen days had
elapsed.    But the surrender of the principal, and the doing of
the other things prescribed by the Rev. Sts. *c.* 91, §§ 10, 13–17,
are not the only means by which bail may be discharged.
Indeed, the ninth section expressly secures to them the right
to avail themselves of " any sufficient matter in their dis-
charge."    And we are of opinion that these defendants are
discharged on another ground.

Bail, in this state, are not fixed, that is, are not absolutely
liable, until judgment is recovered against them on a *scire
facias,* unless by the death of the principal after execution
against him has been returned *non est inventus.*    Chief Justice
Parsons says, that if they have not become absolutely liable

to the plaintiff for the payment of the debt, they " may plead in bar of the *scire facias* that an alias execution issued, on which the principal had been taken in execution ; or that, since the return of the first execution, the principal had satisfied the judgment; or that the plaintiff hath released it; or that it hath been reversed or legally discharged." *Champion* v. *Noyes*, 2 Mass. 486. And we have no doubt that if either of these or other like facts occur 'after a continuance of the suit on *scire facias*, such fact may be shown in bar of the further maintenance of the action. See 3 Chit. Pl. (6th Amer. ed.) 996 ; *Westley* v. *Brown*, 1 Bulst. 43 ; *Ewer's case*, Barnes, (3d ed.) 66.

We are of opinion that the plaintiff, by taking out an alias execution, and committing Tilton to prison, has lost all further claim on the defendants. He has already had what the holding of his debtor to bail was intended to secure to him, namely, the body of that debtor, as a pledge for the debt. 13 Mass. 95. He should have forborne proceedings against Tilton, if he meant to compel the defendants to pay the judgment recovered against him. And even if he had thus forborne, and were now to recover judgment against the defendants, but should afterwards, before obtaining satisfaction of such judgment, sue out an execution against Tilton and take his body, he could not thereafter proceed on his judgment against them. *Higgens* v. *Sommerland*, 2 Bulst. 68 ; Petersdorff on Bail, 386, 387, 419 ; *Smith* v. *Rosecrantz*, 6 Johns. 97 ; *Stewart* v. *McGuin*, 1 Cow. 99, 103.

When a creditor attaches his debtor's goods, a third person, who becomes receiptor for them, is not discharged by the commitment of the debtor on execution and his taking the poor debtors' oath. *Twining* v. *Foot*, 5 Cush. 512. So of a surety on a debtor's bond given to dissolve an attachment. *Murray* v. *Shearer*, 7 Cush. 333. The receiptor's contract is, that the creditor shall have the goods, if he obtains a judgment which shal' not be satisfied without resort to them. The surety's contract is, that the amount recovered against the principal shall be paid within thirty days after judgment. But the commitment of a debtor on execution is only a defeasible

2*

satisfaction of the judgment, and is defeated by his taking the poor debtors' oath. Rev. Sts. *c.* 98, § 16. See Hobart, 59. The contract of bail is, that the creditor shall have the means of taking the debtor's body; and if the creditor commits the body on execution, though without help from the bail, he has what the bail contracted for, and they are discharged. *Milner* v. *Green*, 2 Johns. Cas. 283; 1 Archb. Pract. 289. And if he afterwards sues out a *scire facias* against them, such commitment, if seasonably pleaded, will bar his claim. *Anon.* Skin. 120; *Rogers* v. *Lee*, 3 Har. & McHen. 407.

We need not decide whether the defendants were exonerated by the plaintiff's proceeding against Tilton, from their liability to pay the costs previously incurred in this suit. They have voluntarily paid them, and are now to have judgment against the plaintiff for their own costs incurred since, namely, since July 7th, 1851.