The New York Guaranty and Indemnity Company of the City of New York, Appellant, *v.* Andrew J. Rogers, Impleaded, etc., Respondent.

Defendant R. was in actual custody under an order of arrest herein when judgment against him and his co-defendants was rendered; execution was issued against the property of the defendants, January 31st, 1876. In September, 1876, a motion by plaintiff to compel the sheriff to return the execution was denied on the ground that he had attachments in his hands against defendants issued prior to the execution, and that the attachment suits were undetermined. On motion that plaintiff be required to issue execution against the body of R., it appeared that no property of R. had been attached; that prior to making the motion he served on plaintiff's attorneys a demand that they issue an execution against his body, and a stipulation that charging him in execution should in no way prejudice plaintiffs' rights under the property execution. It appeared also that the attachments were still pending. The Special Term ordered that R. be discharged, unless plaintiff issue execution against his person; *held*, that the Special Term had power to grant the order, and its discretion in exercising it could not be reviewed here.

The implied prohibition of the Code against issuing a body execution, until the return of a property execution unsatisfied, is for the benefit of the judgment-debtor, and may be waived by him.

It is not a conclusive answer to an application under section 288 of the Code, by one of several judgment-debtors imprisoned under an order of arrest, for a discharge from imprisonment, because of neglect to issue a body execution within three months after judgment, that there is good reason for not returning the property execution owing to circumstances affecting his co-defendants only.

(Argued November 27, 1877; decided December 4, 1877.)

Appeal from order of the General Term of the Superior Court of the city of New York affirming an order of Special Term, directing that defendant Roberts be discharged from arrest, unless plaintiff issue execution against his person within ten days after service of copy of order upon its attorneys.

The facts appear sufficiently in the opinion.

*R. C. Elliott*, for appellant.

*Wm. Sutphen,* for respondent.   All proceedings under an execution against the person issued before the return of an execution against property unsatisfied, are regular and valid, until it is set aside by the court.   (*Ronick* v. *Orser,* 4 Bosw., 384; *Hutchinson* v. *Brand,* 6 How., Pr., 73; 9 N. Y., 208; *Hall* v. *Ayer,* 19 How. Pr., 91; *Fake* v. *Edgerton,* 3 Abb. Pr., 229; *Wells* v. *Jones,* 2 id., 20; *Hinman* v. *Beers,* 13 J. R., 529; *Bk. of Genesee* v. *Spencer,* 18 N. Y., 154; *Smith* v. *Knapp,* 30 id., 584; *Goit* v. *Nat. Pro. Ins. Co.,* 25 Barb., 189–191.)   The order involved only a question of practice and was discretionary, and therefore not appealable to this court.   (18 N. Y., 154; *Carter* v. *Loomis,* 2 Abb. [N. S.], 295; *Desisles* v. *Cline,* 4 Robt., 645.)

Andrews, J.   The defendant Roberts was in actual custody, under an order of arrest in the action, when the judgment therein against him and his co-defendants was entered, January 6, 1876.   More than three months having elapsed since that time, and no execution against his person having been issued, he is entitled to be discharged from custody, unless good cause to the contrary is shown.   (Code, § 288.)   The cause shown is, that an execution against the property of the defendants in the judgment was issued January 31, 1876, and has not been returned, and that the court in September, 1876, denied the plaintiff's motion to compel the sheriff to return the execution on the ground that he had attachments in his hands against the defendants, issued prior to the execution in this action, and that the actions in which the attachments were issued were undetermined.   It is inferable from the affidavits, although the fact is not directly stated, that property had been levied upon under the attachments.   The plaintiff also shows that the attachment suits are still pending.   It appears from the moving papers that no property of the defendant, Roberts, was attached in the actions referred to, and this allegation is not met and disproved in the opposing papers, although some attempt is made, in a vague way, to deny the fact alleged.

The defendant, Roberts, prior to making this motion, served on the plaintiff's attorneys a demand in writing, that they issue execution against his person, and a consent or stipulation that charging him in execution should in no way prejudice their rights under the property execution, but that they should have the same right to enforce it against his property as if execution against the person had not been issued.

The Special Term upon the hearing of the motion made an order that Roberts be discharged from custody, unless the plaintiff, should, within ten days after service of the order, issue an execution against his person, and the order was affirmed by the General Term. We think the Special Term had power to grant the order for the conditional discharge of Roberts upon the facts presented. The Code impliedly prohibits the issuing of a body execution until a property execution has been returned unsatisfied. This provision is for the benefit and protection of the judgment-debtor. To make the two remedies concurrent would be oppressive, and it was deemed reasonable that an effort to satisfy the debt out of the property of the judgment debtor should be made before subjecting him to imprisonment. The latter clause of section 288, which is substantially copied from the Revised Statutes, was designed to limit the continuance of imprisonment on mesne process, after judgment in the action, and to require the creditor to continue the imprisonment after the expiration of three months from the entry of judgment on final process, if he elected this remedy, subject to the power of the court for cause shown, to continue the imprisonment on the original process. The debtor, unless under exceptional circumstances, is entitled to be placed in a position to avail himself of the provisions of the statute relating to the discharge of persons imprisoned on execution in civil actions. If it is a conclusive answer to the application of one of two judgment-debtors, under section 288, that there is a good reason for not returning the execution against property owing to circumstances, affecting his co-defendant only, his imprisonment on

mesne process may be extended indefinitely, and he may be substantially deprived of the benefit which it was the object of the section to secure.

The defendant, Roberts, has waived the right to have the property execution returned before the issuing of an execution against his person. The charging of Roberts in execution will not impair the remedies of the creditors against the other defendants. Their liability will not be discharged or affected thereby, (*Stewart* v. *McGuin.* 1 Cow.. 99· *Sunderland* v. *Loder*, 5 Wend., 58.)

If the plaintiff imprisons Roberts on the execution, and afterwards succeeds in collecting its debt, in whole or in part, out of the attached property, it may be subjected to unnecessary expense by way of fees, poundage, etc., but we do not think this possible injury is a legal answer to the relief sought by this motion.

We are of opinion that the court below had power to make the order in question. and we cannot review its discretion in exercising it.

The order should be affirmed.

All concur except CHURCH, Ch. J., absent.

Order affirmed.