WILLIAM J. PRUSIA, Overseer of the Poor of the Town of Gaines, Respondent, v. GEORGE BROWN, Appellant.

SAME, Respondent, v. GEORGE BROWN and RICHARD REED, Appellants.

*Surety upon an undertaking on appeal — is not released by the arrest of the principal under an execution or by his imprisonment and discharge.*

In this action, brought upon an undertaking made by the defendant on an appeal taken from a Justice's Court to a County Court, in an action brought by the

plaintiff against one Guenther, it appeared that after a judgment of affirmance had been entered, and an execution against the property of Guenther had been issued and returned unsatisfied, an execution against his person was issued upon which he was arrested and imprisoned in the county jail until discharged, pursuant to the provisions of sections 2200, 2212 of the Code of Civil Procedure.

*Held,* that the imprisonment and discharge of Guenther did not discharge the defendant from liability upon the undertaking.

APPEALS from judgments entered upon decisions of the court on trials without a jury at the Orleans Circuit.

The action No. 1 is upon an undertaking made by the defendant on an appeal taken from a Justice's Court to the Orleans County Court, in an action of this plaintiff against one Guenther, where the judgment was affirmed. The action No. 2 was brought upon an undertaking made by the defendants on appeal to this court from a judgment of the Orleans County Court, in an action of the plaintiff against Guenther. The plaintiff recovered in both actions, and the defendants appeal.

*John G. Sawyer,* for the appellants

*John Cunneen,* for the respondent.

BRADLEY, J.:

On the appeals taken by the defendant Guenther in the two actions of the plaintiff against him, the usual undertakings were made in his behalf by the defendants in these actions respectively, and after the judgments in those original actions were affirmed, and judgments of affirmance entered, executions against the property of Guenther were issued to and returned by the sheriff of Orleans county, unsatisfied. Thereupon executions against his person were issued, upon which he was arrested and imprisoned in the jail of the county. Afterwards, in proceedings instituted for that purpose, pursuant to the statute, he made assignment of his property, and was duly discharged from such imprisonment. (Code of Civil Pro., §§ 2200, 2212.) And after such discharge these actions were brought upon the undertakings.

It is contended by the defendant's counsel that by reason of such imprisonment of Guenther, in execution, the defendants, as his sureties, were discharged from liability upon their undertakings, because such imprisonment was a satisfaction of the judgments

during the time of its continuance. The taking of a judgment-debtor in custody on final process issued upon it was at common law a satisfaction of the judgment, and such is the effect now, except so far as it is qualified by the statute. (Id., § 2213.) And all proceedings upon the judgment and its lien are suspended during the continuance of the imprisonment. (*Sunderland* v. *Loder*, 5 Wend., 58 , *Jackson* v. *Benedict*, 13 Johns., 533.) Within that time the surety for the debtor in the action in which the judgment was rendered, and the execution upon it issued, by which he was taken into custody, has a defense to any action that may be brought against him as such surety. (*Koenig* v. *Steckel*, 58 N. Y., 475.) The remedy of the creditor against the surety was complete when the executions against property were returned unsatisfied. The defendants, therefore, insist that the plaintiff had only one of two remedies — either to proceed by action against the sureties upon the undertaking, or by execution against the person of the judgment-debtor ; and having taken the latter cannot avail himself of the former, because by imprisoning such debtor the plaintiff has suspended or defeated the defendants' right of subrogation for their protection as sureties. It is true that a creditor cannot make any alteration with the principal of the stipulations of his contract without discharging the surety, and cannot relinquish any security for the debt to the principal without like effect, unless it is with the consent of the surety, because they result in the suspension and impairment of his right of subrogation ; but here, although such may have been the effect upon the surety, the creditor has done neither. He has simply pursued the legal remedies against the principal which the law furnishes, and that he might do so we think was within the contemplation of the defendants when they assumed the relation, which the execution of the undertakings gave them, to the parties and to the proceedings provided for by the statute. (*People* v. *Vilas*, 36 N. Y., 459, 461, 462.) The processes of execution, both against property and person of the judgment-debtor, were not in any sense an act of relinquishment of any right to the debtor, but were used as the enforcement of the legal remedies against him with a view to obtaining satisfaction of the debt. And when the latter obtained his discharge the process had failed to produce that result, and the creditor then had the same remedies against his property for sums

due upon the judgments which he had before the last executions were issued. (Code, § 2213.) And we think the suspension of remedy against the defendants upon the undertakings was then also removed. In *Stewart* v. *McGuin* (1 Cow., 99), a recovery against a surety for a defendant in a suit in Justices' Court, was had and supported after the defendant was discharged from imprisonment on execution. That case arose under 1 Revised Laws (388, § 4), and the dicharge was obtained pursuant to section 12 of the same act. The principle applicable was the same there as here, except so far as the requirement and fact of assignment now, and not then existing, may distinguish the cases. It is not seen how that could make any difference, as it is made for the benefit of the creditor, and, therefore, cannot prejudice the rights of the sureties. A voluntary assignment to secure the debt, made to the creditor or to a trustee for his benefit by a debtor, is not any prejudice to the surety of the latter, and affords him no right other than that of subrogation. And the fact that the debtor had been discharged from imprisonment, is recognized as the reason and support for the decision in Stewart's case by the court in *Sunderland* v. *Loder* (5 Wend., 59). In *Koenig* v. *Steckel* (*supra*) the recovery against sureties was denied, upon the ground that their principal was then in custody on execution, during which time remedy was suspended. No discharge of an imprisoned debtor, other than in the manner provided by the statute, will remove the suspension or restore remedy. (*Poucher* v. *Holley*, 3 Wend., 184; *Kasson* v. *People*, 44 Barb., 347.) If these views are correct, the arrest and imprisonment of the judgment debtor upon the execution, is no defense for the defendants. And we fail to see in the record any force in the objection for the purposes of the action against Brown and Reed, relating to the omission of the notice of appeal to the General Term in the judgment-roll, or in the excluded offer of evidence in respect to the time when the amount of costs of the appeal was actually inserted in the judgment. This clerical omission was unimportant, assuming, as we must, for aught that appears, that they had been in due time taxed. None of the exceptions seem well taken.

The judgments should be affirmed.

SMITH, P. J., and HAIGHT, J., concurred.

Judgments affirmed.