Guria, per Woodworth, J.
Briggs became surety according to the statute; and whether he was liable as such is not now a material fact. Judgment was rendered against him; and its regularity or justice cannot be drawn in question in this cause. It must be considered a valid judgment.
It appearing that the discharge of Walworth was before judgment actually entered, the counsel for the plaintiff be* *172 low supposes that, though the discharge of Walworth might equally operate to discharge-Briggs, his only remedy was by action against Lathrop for breach of his agreement, or duty, not to take and enforce his judgment against Briggs; but that the judgment would, nevertheless, be valid, and warrant the execution which issued upon it; and thus protect Lathrop against an action of trespass.
It is material, therefore, to inquire in what stage the cause of Lathrop against Briggs was, when Walworth was discharged. It was not a proceeding to trial and judgment after the plaintiff’s demand was satisfied. In such a case *the doctrine contended for would apply. Here the whole merits had been tried, and the cause submitted to the justice. There was no act to be done by either party before the judgment. The cause was sub judice, and the parties could only await the decision of the justice. The plaintiff could not submit to a non-suit; but must abide the decision. The cause was substantially ended; and the parties were not in court except for the purpose of receiving judgment. (11 John. 458.) On this principle, it was held in Felter v. Mulliner, (2 John. 181,) that merely a verdict for the defendant was a bar to a farther prosecution, although the justice might have omitted to render judgment. And the court there observe, that the reason of the general rule that the verdict is no evidence until the entry of final judgment, does not apply, because the justice has no authority to arrest the judgment or grant a new trial; and that, in justice and sound policy, the verdict ought to be equally conclusive against a farther litigation between the same parties, on the same matter, as if the formal entry of judgment had been made. The case here is analogous. The justice was bound to give judgment. The same rule applies as if a verdict had been rendered. (11 John. 457.) We must consider, then, for the purpose of deciding this cause, that Lathrop had obtained judgment against Briggs when he discharged Walworth.
What is the legal effect of that discharge ? In Bassett v. Salter, (2 Mod. 136,) it was held that if there be an escape by the plaintiff’s consent, the debt is discharged. This *173 doctrine has uniformly been recognised in the subsequent cases. In Jacques v. Witney, (1 T. R. 557,) the creditor discharged his debtor in execution, upon giving a part security to satisfy the judgment. The security was defeated on account of a mere formality. Yet it was held that the judgment was satisfied, and could not be set off against a demand of the debtor. Clark v. Clement & English, (6 T. R. 525,) is a very strong case. The plaintiff consented to discharge one of two defendants taken on a joint ca, sa.; and it was held that he could not afterwards take either him or the other. Tanner v. Hague, (7 T. R. *416,) declares the same law; and the court observe, that the cases proceed on the ground of its being considered that the plaintiff received satisfaction in law, by having his debtor once in custody on execution. The same principle has been recognized by this court. Crary & Morgan v. Turner (6 John. 51,) impliedly admits it. It was there held that the authority of the agent for the plaintiff to discharge a defendant from custody in execution without satisfaction of the debt must be clearly and fully proved, and strictly pursued.No doubt was entertained that the act of the plaintiff in discharging the defendant, would have operated as an ex-tinguishment of the judgment. Yates v. Van Rensselœr, (5 John. 864,) treats the rule of law as settled; and where the defendants agreed still to be bound, and that another execution might issue if the plaintiff -would allow their escape, still the debt was held to be discharged by the plaintiff’s consent. There can be no doubt that the rule applies equally to an escape from a justice’s execution as to a ca. sa.[1]
*174 If, then, Lathrop’s judgment against Walworth was satisfied by the discharge, (and of this there can be no doubt;) and if, at the time, the cause of Lathrop against Briggs had proceeded to that stage where the law considers his demand as having passed into a judgment, it follows that the satisfaction of the first judgment operated to satisfy the other. We have seen that such a discharge of one joint debtor was held to exonerate the other.
This case also involves another principle by which, if need be, it is strongly fortified. The plaintiff below was a surety; and should it be admitted that, as between the' real debtors, the principle of extinguishment did not apply, yet it is well settled that if an obligee does an act to the injury of the surety without his consent, the surety will be discharged. (10 John. 587.) If Walworth had not been discharged, he might have paid the judgment; but being discharged, Lathrop had no authority to retake him. The act was manifestly an injury to the bail.
I am of opinion that the judgment of the court below be affirmed.
Judgment affirmed.

 Where an execution has been levied upon the property of a defendant, and the levy subsequently abandoned by his request and for his benefit, this will not amount to a satisfaction of the judgment. Ostrander v. Walter, 2 Hill, 329; see Hoytr. Hudson, 12 J. R. 208; Ontario Bank v. Hallet, 8 Cow, 192.
A levy on sufficient personal property to satisfy a judgment, though the execution be returned unsatisfied by" the direction of the plaintiff, or the assignee of the judgment, extinguishes the judgment; and a sale of land under a subsequent execution thereon is void, especially if the purchaser, at the sale, be not a bona fide purchaser. Jackson v. Bowen, 7 Cow. 13.
*174 A levy on personal property, sufficient to satisfy aft, fa,., is an extinguishment of the judgment on which it issued. Ex parte Lawrence, 4 Cow. 417.
The judgment, therefore, ceases to be a lien on real estate, and the judgment creditor has no right, as such, to redeem under the act. Sess. 43, ch. 184, sec. 3; Ib.
If a debtor, for the benefit of all his creditors, gives to trustees a bond for the amount of all his debts, on which a judgment is recovered, and he afterward gives a note to an individual creditor, for the amount of his separate debt, such note will be satisfied by such creditor's discharging the debtor from execution on the judgment issued at the request of the creditor, and the assent’ of the trustees to the discharge will be implied. Furman v. Hackins, 2 Cai. R. 369.
It was held that the authority of the agent for the plaintiff to discharge a defendant from custody, in execution, without satisfaction of the debt, must be clearly'and fully proved, and strictly pursued. Ho doubt was entertained that the act of the plaintiff; in discharging the defendant, would have operated as an extinguishment of the judgment. Crary v. turner, 6 J. R. 81.
A former case treats the rule of law as settled; and where the defendants agreed still to be bound, and that another execution might issue if the plaintiff would allow their escape, still the debt was held to be discharged by the plaintiff’s consent. Yates v. Van Bensselaer, 5 J. R. 364.