WILLIAM KOENIG, Appellant, *v.* ADAM STECKEL et al.,
Respondents.

The arrest and imprisonment of a judgment debtor upon an execution
against his body is in law a satisfaction of the judgment so long as the
imprisonment continues, and during that period no action can be main-
tained by the judgment creditor against one standing as surety for the
debtor or to enforce collateral securities held for the payment of the
·judgment.

Plaintiff commenced an action against B., in a District Court of the city of
New York. B. made application to have the cause removed to the Court
of Common Pleas giving the bond required by the statute (chap. 344,
Laws of 1857), conditioned for the payment of any judgment recovered
against him. Plaintiff recovered judgment. In an action against the
sureties upon the bond, defendants showed that B. was taken in execu-
tion upon the judgment. *Held,* that while B.'s imprisonment continued
the bond could not be enforced either against him or his sureties; that
as it did not appear that he had been discharged the presumption was
his imprisonment did continue; and that the plaintiff could not maintain
his action.

(Argued September 30, 1874 ; decided October 6, 1874.)

APPEAL from judgment of the General Term of the Superior
Court of the city of New York, affirming a judgment in
favor of defendants entered upon the decision of the court
upon trial without a jury.

This action was brought upon a joint and several bond
executed by defendants and ·one Sebastian Banzer, upon the
removal of an action brought by plaintiff against said Banzer
from the Fourth District Court of the city of New York to
the Court of Common Pleas, under the provisions of the act
of 1857, in reference to the District Courts of the city of New
York. (Chap. 344, Laws of 1857.) The bond was conditioned
that the obligors 'would pay to plaintiff the amount of any
judgment he might recover against defendant in the Com-
mon Pleas. Plaintiff recovered a judgment, and, as the
evidence of the defendants showed, after the return of an
execution thereon against the property of Banzer unsatisfied,

an execution against his body was issued, upon which he was arrested and imprisoned.

*George Carpenter* for the appellant. The plea of imprisonment is a defence strictly personal to the principal debtor. (*Chapman* v. *Hall*, 11 Wend., 41; *Sunderland* v. *Loder*, 5 id., 58; *Cooper* v. *Bigelow*, 1 Cow., 56; *Wakeman* v. *Lyon*, 9 Wend., 241.) The bond being joint and several plaintiff had the right to sue such of the obligors as he chose. (Code, § 120; *Brainard* v. *Jones*, 11 How., 569; 38 Barb., 623.)

*Samuel Hirsch* for the respondents. The arrest of Banzer was, while it continued, a satisfaction of the judgment, and no action could be maintained against a surety or upon collateral securities. (*Wickman* v. *Lyon*, 9 Wend., 24; *Cooper* v. *Bigelow*, 1 Cow., 56; *Jackson* v. *Benedict*, 13 J. R., 533; *Chapman* v. *Hall*, 11 Wend., 41.) If Banzer was discharged with plaintiff's consent the judgment is discharged. (2 J. Ch., 430; 16 J. R., 183; *Power* v. *Wilson*, 7 Cow., 274; 6 J. R., 51; *Lathrop* v. *Briggs*, 8 Cow., 171; *Ransom* v. *Keyes*, 9 id., 128; *Poucher* v. *Hatley*, 3 Wend., 184.)

ANDREWS, J. The taking of the body of Banzer in the execution was in law a satisfaction of the judgment so long as the imprisonment continued. The judgment was not thereby absolutely extinguished, but the imprisonment barred the creditor from all other remedy for the collection of the debt while the debtor was in custody. The statute in certain cases, after the imprisonment is at an end, revives the remedy of the creditor against the property of the judgment debtor, but while it continues no other or different satisfaction can be obtained. The imprisonment suspends the lien of the judgment upon the real estate of the defendant, and the plaintiff meanwhile can neither bring an action on the judgment nor enforce collateral securities for its payment. The same consequences follow for the time being as from an actual satisfaction. In this case the bond given by the

defendants was conditioned to pay the judgment which might be recovered in the action against Banzer. The defendants stood in the position of sureties for the payment of the debt, and if it could not be enforced against the principal, it cannot be against the defendants. It was shown on the trial that Banzer was taken in execution upon the judgment, and as it did not appear that he had been discharged from imprisonment, the presumption is that it continued to the time of the commencement of the action. The authorities are decisive against the right of the plaintiff to maintain this action. (*Jackson* v. *Benedict*, 13 J. R., 533; *Cooper* v. *Bigalow*, 1 Cow., 56; *Sunderland* v. *Loder*, 5 Wend., 58; *Wakeman* v. *Lyon*, 9 id., 241; *Thompson* v. *Parish*, 94 Eng. C. L., 683.)

The judgment should be affirmed.

All concur.

Judgment affirmed.