SAVAGE v. SULLY. (No. 7331.)

(Supreme Court, Appellate Division, First Department. May 21, 1915.)

EXECUTION ⬥445—ARREST—SATISFACTION—STIPULATION.

Where plaintiff obtained a judgment and an arrest on execution, and defendant, in consideration of release, entered into a written agreement to pay certain amounts on the judgment, and that on his failure to do so he might be rearrested, under the prior execution or a new execution, defendant, after default in payment, was not entitled to an injunction permanently restraining plaintiff from rearresting him, since an arrest on a body execution is not a satisfaction of the judgment, but simply a suspension of the creditor's other remedies; and since Code Civ. Proc. § 1494, providing that, where a creditor discharges a judgment debtor after 30 days, another body execution cannot issue upon the judgment, but that the judgment may be otherwise enforced, and section 1495, providing that a new execution cannot be enforced against real property purchased in good faith from a judgment debtor or sold on execution issued upon another judgment, are inconsistent with the theory a body execution satisfies the judgment.

[Ed. Note.—For other cases, see Execution, Cent. Dig. §§ 1263, 1264; Dec. Dig. ⬥445.]

Appeal from Special Term, New York County.

Action by Grace W. Savage against Daniel J. Sully. From an order restraining plaintiff from issuing an execution against the person of the defendant, plaintiff appeals. Reversed, and motion denied.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

Walter L. Bunnell, of New York City, for appellant.
John J. Lordan, of New York City, for respondent.

SCOTT, J. On March 27, 1909, plaintiff recovered a judgment for $17,380.16 against defendant in an action for damages for conversion. On June 14, 1909, an execution against the person was issued to the sheriff of New York county, and on February 16, 1910, the defendant was arrested thereunder. On the same day, while defendant was under arrest, a written agreement was entered into between plaintiff, defendant, and the wife of the latter, by which defendant, in addition to paying $500 down on account of the judgment, agreed to pay $200 monthly thereafter until he should have completely discharged the judgment, and his wife guaranteed these payments. The defendant also agreed as follows:

"The defendant further agrees that he will, at any time after default has been made in the payment of such installments and upon the request of the attorney for the plaintiff in writing, made by the service of a notice to that effect upon the attorneys for this defendant, Messrs. Graham & L'Amoreaux, and by mailing a copy of such notice directed to him at the Union Trust Building, Washington, D. C., surrender himself to the sheriff of the county of New York, and that the fact that the plaintiff, or her attorney, consents to his release from under the execution at this time, shall not in any way be construed as a waiver of the right to arrest, and further that the right of the plaintiff to cause the arrest of the defendant under such execution at any subsequent time shall be the same as though the defendant had not been arrested thereunder, and further that the acceptance by the attorney for the plaintiff,

⬥For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

or by the plaintiff, or any part of the said judgment at this time, or at any future time, under the terms of this stipulation, shall not militate in any way against the right of the plaintiff to cause the arrest of the defendant under such execution for the balance of the judgment so remaining unpaid, and the defendant stipulates that, in the event of his default in the payment of any one of these installments, the plaintiff shall have the right, and such right is hereby accorded to her, without any reservation, to rearrest the said defendant under said execution, and the said Emma F. Sully, for herself, her heirs, executors, and administrators, hereby agree that the said defendant, Daniel J. Sully, so long as he shall live, shall and will in all respects keep and perform all of the covenants and conditions of this stipulation."

Defendant made default in the monthly payments after he had paid about $1,800. Thereupon a second agreement was entered into, extending the time for the payment of the installments in default, and defendant again agreed as follows:

"This agreement witnesseth that the defendant may have until the 16th day of March, 1911, within which to make a further payment upon such judgment. The defendant, Daniel J. Sully, in consideration of this extension, hereby agrees to a modification of the agreement dated February 16, 1910, to an extent such that, in the event of his failure to pay the installment which shall become due on the 16th day of March 1911, or any subsequent installment, the plaintiff may cause the arrest of the defendant, either under the execution already issued, or she may issue a new execution, and he stipulates that the fact that he was arrested under the prior execution shall not be considered as an arrest at all, and that the right of the plaintiff to have the defendant arrested shall be the same as though no arrest had at any time been made.".

The defendant has made no further payments on account of the judgment and has kept without the state. Upon the execution of the agreement first above referred to plaintiff directed the sheriff to release defendant from custody under the execution, and he was accordingly released. Now, defendant being still unable or unwilling to pay the balance remaining due upon plaintiff's judgment, but desiring to return to the state of New York has moved for and obtained an order permanently restraining plaintiff from arresting or causing the arrest of defendant upon the aforesaid judgment. This motion was made upon the theory that no second body execution could issue upon a judgment after the judgment debtor had once been arrested and had been discharged by consent of the judgment creditor.

It was undoubtedly the ancient rule, both in this state and in England, that if a defendant, who had been arrested upon a body execution, was released from arrest with the consent of the judgment creditor, the right to arrest upon the judgment was forever gone, and this notwithstanding the defendant might have agreed still to be bound by the execution and to submit to rearrest. Yates v. Van Rensselaer, 5 Johns. 364; Lathrop v. Briggs, 8 Cow. 174. The reason for the rule was that in the eye of the law the arrest of the judgment debtor was deemed to be a satisfaction of the judgment, so that there no longer remained any judgment upon which an execution could issue. If the creditor had received security or a new undertaking as consideration for consenting to the discharge he must resort to them, and if they proved valueless he was remediless. Lathrop v. Briggs, supra.

The rigor of this rule has been modified in later years. "An arrest

on a body execution is now generally considered not to operate as a satisfaction of the judgment, but simply as a suspension for the time being of other remedies of the creditor thereon." Flack v. State of New York, 95 N. Y. 461–471; Koenig v. Steckel, 58 N. Y. 475. And various provisions of the Code of Civil Procedure are quite inconsistent with the theory that the taking of a defendant under execution satisfies the judgment. Sections 1494, 1495.

The reason for the rule upon which the order appealed from rests having thus disappeared, it would seem that the rule itself should be held to be no longer operative to its full extent. Doubtless, if a judgment creditor consents to the release of his debtor taken upon execution, and there be no stipulation on the part of the debtor that he may be liable to rearrest, the right to rearrest him would be lost. This is the spirit of section 1494, Code Civ. Proc., but in the present case the defendant, in consideration of his present discharge, has in the strongest and most comprehensive terms waived the immunity from rearrest. I am entirely unable to see why he may not do this, and why he may not be held to his stipulation. He has enjoyed the benefit of his agreement. He was released from his imprisonment, and was given an extension of time within which to pay his debt. He has neglected to pay as he agreed to do, and now asks to be relieved from his agreement. His request is an unjust one, and should not be granted unless the law compels it. In my opinion it does not.

The order appealed from should be reversed, with $10 costs and disbursements, and the motion denied, with $10 costs. Order filed.

INGRAHAM, P. J., and McLAUGHLIN and CLARKE, JJ., concur. LAUGHLIN, J., concurs on the ground that the defendant is not entitled to injunctive relief.