WELLS H. HURLBUTT, Respondent, *v.* ROBERT H. REID, Appellant, Impleaded with IZEYL W. REID, Defendant.

Second Department, December 29, 1919.

**Debtor and creditor — execution against the person — stipulation by debtor that he may be again arrested given in consideration of his release — practice — motion for injunction against enforcement of stipulation — defendant may again be arrested.**

Where, after an execution against the defendant's person had been lawfully issued, and in order to obtain his release from imprisonment, he has given an undertaking to the sheriff to surrender himself and a stipulation waiving all objections and defenses and agreeing to surrender to the sheriff on demand under the existing execution, or under a new execution

should the same be issued, he is not entitled to move for an injunction restraining the judgment creditor and the sheriff from again arresting him under any execution upon the judgment in the action. Such injunction is not authorized by statute and cannot issue on motion, not being a temporary injunction to preserve the status during the action, but a permanent injunction, which latter can only issue as a result of a trial and the decision of the court thereon.

Even if the defendant's procedure to procure such injunction by motion be correct (which is not the case), he is not in any event entitled to such injunction, for the common-law rule that the imprisonment of the defendant satisfies the judgment so as to prevent further process no longer obtains, being expressly changed by section 111 of the Code of Civil Procedure which expressly provides that notwithstanding the discharge of the judgment debtor the creditor has the same remedy against the property of the person imprisoned that he had before the execution was issued.

APPEAL by the defendant, Robert H. Reid, from an order of the Supreme Court made at the Westchester Special Term and entered in the office of the clerk of the county of Westchester on the 19th day of July, 1919.

*Francis A. O'Neill* [*Frederick H. Jones* with him on the brief], for the appellant.

*Clarence Alexander*, for the respondent.

JAYCOX, J.:

The defendant, Robert H. Reid, appeals from an order denying a motion made by him to permanently enjoin and restrain the plaintiff and the sheriff of Westchester county from arresting said Robert H. Reid under any execution upon the judgment in this action. The plaintiff has taken all the necessary steps and the judgment warrants an execution against defendant's person. Such an execution has been issued, the defendant has been arrested and has been released from the arrest upon giving an undertaking to surrender himself to the sheriff of Westchester county and entering into a stipulation whereby he waived all objections and defenses because of the consent of plaintiff's attorney to said temporary release, and agreed to surrender to the said sheriff on demand, under the body execution upon which he is now confined as aforesaid, or a new execution, and expressly agreed that the right of the plaintiff to cause his arrest under

such execution or under a new execution should be the same as though he had not been arrested thereunder.

The first question that presents itself is one of procedure — is the defendant entitled to injunctive relief ?   The defendant calls our attention to no authority supporting the affirmative of that proposition.  He cites one case (*Green* v. *Young,* 48 N. Y. St. Repr. 571) in which such an injunction is granted, but the question of the propriety of injunctive relief is not discussed in the opinion of the court in that case.   An examination of several textbooks upon the subject of injunction fails to show any discussion whatever on this subject.   In Joyce  on Injunctions (§ 59) it is said that an injunction will not be granted in the case of an illegal arrest, the proper remedy for such an injury being either an action for damages or by habeas corpus, citing *Fincke* v. *Police Commissioners* (66 How. Pr. 318) and *Murphy* v. *Board of Police of N. Y.* (11 Abb. N. C. 337).   It is true that the cases cited have reference to an arrest upon a criminal charge, but I see no distinction as to the remedy for an illegal arrest upon civil process or upon a warrant in a criminal proceeding.   In *Savage* v. *Sully* (168 App. Div. 131), which was a similar proceeding, Mr. Justice LAUGHLIN placed his concurrence in the reversal of an order granting relief similar to that here prayed for, " on the ground that the defendant is not entitled to injunctive relief."   The Code of Civil Procedure does not provide for such an injunction. (Code Civ. Proc. § 602 *et seq.*)   A temporary injunction is to preserve the status during the action, and a permanent injunction is the result of the action and is contained in the judgment of the court.   The injunction here sought is a permanent injunction, but is not the result of the trial of any action and the decision of the court thereon.   The procedure adopted by the defendant herein is, therefore, without authority of law.

If the defendant's procedure be assumed to be correct, I still think he is not entitled to the relief prayed for.   Two authorities upon this proposition are cited.   They are the cases which have already been cited herein (*Green* v. *Young, supra,* and *Savage* v. *Sully, supra*).   The first of these is a Special Term decision of the Superior Court of the City of Buffalo.   In that case the defendant had been taken upon

execution against his person. He paid part of the judgment and agreed in writing that his person might again be taken in execution at any time after the expiration of fifteen days and that the judgment should remain in full force and effect, notwithstanding such release. The court held that this was a release as provided for in section 1494 of the Code of Civil Procedure and that the defendant could not again be arrested. I am unable to agree with the court's conclusion that the release in that case came within the provisions of said section 1494. The defendant had not been imprisoned thirty days, the period specified in that section, and there was nothing to indicate that his release was pursuant thereto. Under the common law, the imprisonment of the defendant satisfied the judgment and that was the basic reason for holding that the discharge of the prisoner at the instance of the judgment creditor precluded further process being issued against the defendant for the reason that no judgment then existed upon which such process could issue. This rule has been expressly changed by statute, and under section 111 of the Code of Civil Procedure it is provided that imprisonment shall be limited as therein stated, and then, practically as a reward to the creditor for having his remedy against the judgment debtor modified, it is provided: " Notwithstanding such a discharge in either of the above cases, the judgment creditor in the execution, or the person at whose instance the said mandate was issued, has the same remedy against the property of the person imprisoned which he had before such execution or mandate was issued." This abrogates the common-law rule under which the judgment was canceled by the imprisonment of the judgment debtor. This rule is recognized by *Savage* v. *Sully* (*supra*), which involved a similar proceeding and is, therefore, clearly in point. As previously stated, in that action an order granting an injunction was reversed. The court, speaking through Mr. Justice SCOTT, said: " The rigor of this rule has been modified in later years. ' An arrest on a body execution is now generally considered not to operate as a satisfaction of the judgment, but simply as a suspension for the time being of other remedies of the creditor thereon.' (*Flack* v. *State of New York*, 95 N. Y. 461, 471; *Koenig* v. *Steckel*, 58 id. 475.) "

The defendant having obtained his release upon a stipulation that he might again be arrested upon the execution herein, I can see no reason why the terms of that stipulation should not be carried out and the defendant again arrested. He suffers no hardship by reason of this holding. His release was at his own request and if he is rearrested it will be because he has violated the terms of the stipulation upon which he was released. His original arrest was caused by his own duplicity and, if he is arrested again, it will be for the same reason.

The order appealed from should be affirmed, with ten dollars costs and disbursements.

JENKS, P. J., RICH, PUTNAM and BLACKMAR, JJ., concur.

Order affirmed, with ten dollars costs and disbursements.