GUISIPPINA PARASCANDOLA, as Administratrix, etc., of JOSEPH AUDITORE, Deceased, Plaintiff, *v.* FRANK AUDITORE, Individually and as Administrator, etc., of JOSEPH AUDITORE, Deceased, Respondent, Impleaded with SACRAMENTO STEAMSHIP COMPANY, INC., and Others, Defendants, and AUDITORE CO., INC., Appellant.

Second Department, January 15, 1926.

Executions — execution against person — judgments recovered in favor of two creditors in same action — each judgment directed that execution might issue against property and on return unsatisfied execution might issue against person — creditors needed no further order from court — order granting leave to issue execution against person not required — Civil Practice Act, § 768, and Civil Rights Law, § 72, do not prohibit each judgment creditor issuing execution against person — said two executions against person may run at same time.

A judgment creditor does not need an order from the court granting him permission to issue an execution against the property of the judgment debtor, and in the event that execution is returned unsatisfied, to issue an execution against his person, where the judgment directs that an execution may be issued against the property and, if returned unsatisfied, an execution against the person may issue.

Likewise, under such a judgment, a judgment creditor does not require an order granting him permission to issue an execution against the person on the return of an execution against the property of the judgment debtor unsatisfied.

Where two such judgments are rendered in the same action in favor of two creditors and contain the authority specified, each judgment creditor may, on the return of an execution against the property of the judgment debtor, issue an execution against his person, and both executions against the person may run at the same time, for section 768 of the Civil Practice Act and section 72 of the Civil Rights Law do not prohibit the concurrent executions against the person under the circumstances stated.

APPEAL by the defendant, Auditore Co., Inc., from so much of an order of the Supreme Court, made at the Kings Special Term and entered in the office of the clerk of the county of Kings on the 4th day of June, 1925, as denies permission to the defendant Auditore Co., Inc., to issue an execution against the person of Frank Auditore; also from an order entered in said clerk's office on the 14th day of July, 1925, denying said defendant's motion for leave to issue an execution against the person of Frank Auditore, and also

from an order entered in said clerk's office on September 12, 1925, granting a motion to vacate an execution against the person of Frank Auditore.

Edward H. Wilson [John J. Kean with him on the brief], for the appellant.

John B. Johnston [Anthony J. Ernest with him on the brief], for the respondent.

JAYCOX, J. Several judgments against Frank Auditore were recovered in one action bearing the above title, and are all contained in one postea or record. The Auditore Contracting Co., Inc., recovered a judgment against said Frank Auditore and another for the sum of $331,758.87. The defendant Auditore Co., Inc., recovered a judgment against said Frank Auditore and another for the sum of $8,627.30. The defendant Auditore Co., Inc., recovered a judgment against said Frank Auditore and another for the sum of $511.20. The two judgment creditors last mentioned are separate and distinct corporations. Said judgment directed, as to each of said judgments, that execution might be issued for their collection, and that if the execution against the property be returned unsatisfied, execution might be issued against the person of the judgment debtor. The judgment also contained other recoveries against the same judgment debtors, as to which the judgment creditor's remedy (by execution) was limited to an execution against the property.

The notice of motion which resulted in the order first above recited, asks leave to issue an execution against the property of the judgment debtor, and in the event of that execution being returned unsatisfied to issue an execution against his person. Leave to do either of these things was unnecessary. The right to issue an execution against the property of the defendant was already granted by the judgment in the action. That judgment also provided that in the event of the execution being returned unsatisfied an execution against the person of the judgment debtor might issue. Nothing could be added to this by an order of the court. The order appealed from did not in any way interfere with the judgment creditor's rights. It was entitled at that time to issue an execution against the defendant's property. Its right to issue an execution against the person of the judgment debtor was dependent upon the return unsatisfied of the execution against his property. The court could not by an order add anything to that right which the judgment creditor already had, and that was to issue an execution against the person of the judgment debtor upon the return unsatisfied of the execution against his property. The fact that an execution

had been issued against his property in favor of another creditor, and had been returned unsatisfied, did not in any wise affect the situation or the rights of this judgment creditor.

This order should be reversed on the law, without costs.

The second order above recited was made after the return unsatisfied of the property execution permitted by the order which I have just discussed. The motion papers herein, and the papers in opposition, show the facts above recited, including the making of the above-mentioned order, the issuance of the execution in favor of this judgment creditor against the property of the judgment debtor, and its return unsatisfied, and leave is asked to issue an execution against the person of the judgment debtor. What I have said as to the necessity of the previous application is equally applicable to this application. In addition, I might observe that the practice adopted herein results in an appeal from one judge of the Supreme Court to another. The judgment in this action granted the right to this judgment creditor to issue execution against the property of the judgment debtor, and upon the return of that execution unsatisfied, to issue an execution against his person. The order appealed from herein has reversed this provision of the judgment, the court holding that section 768 of the Civil Practice Act forbids the issuance of such an execution while the judgment debtor is in custody under an execution issued in favor of the Auditore Contracting Co., Inc. That section of the Civil Practice Act reads as follows: " Where a judgment debtor has been taken, and remains in custody, by virtue of an execution against his person, another execution cannot be issued in the same action against his person or his property, except in a case specially prescribed by law."

The fact that this judgment was recovered in the same action in which the judgment of the Auditore Contracting Co., Inc., was recovered, I think, does not affect the situation at all. The rights of this judgment creditor are not in any wise affected by the fact that its judgment was recovered in the same action as was that of the Auditore Contracting Co., Inc. The section above quoted has relation to an action in which the judgment is recovered in favor of but one judgment creditor. This, I think, is made clear by the history of the law upon the subject. Under the common law the imprisonment of the judgment debtor satisfied the judgment, but, under our present procedure, the imprisonment of the judgment debtor is but a temporary satisfaction of the judgment, or a suspension of the rights of the judgment creditor. (*Savage* v. *Sully*, 168 App. Div. 131, 134; *Hurlbutt* v. *Reid*, 190 id. 176, 179; *Koenig* v. *Steckel*, 58 N. Y. 475.) If we were to hold otherwise this judg-

ment creditor would be practically without a remedy, and its judgment would be a scrap of paper. The right of the court to grant the several judgments which were granted by the judgment herein is undisputed, but to hold as has been held herein results in a practical nullification of the judgment.

The provisions of the Civil Practice Act are intended to prevent the multiplicity of suits. It, therefore, permits and invites defendants to litigate all their controversies in an action in relation to the same subject, instituted by some other person as plaintiff. This privilege would be of but little value if, at the end of the litigation, the parties found they could be deprived of the means of collection of the judgments in their favor by reason of the action of some other judgment creditor in the same action.

The order should be reversed on the law, without costs.

On the 4th of September, 1925, this judgment creditor, Auditore Co., Inc., issued an execution against the person of the judgment debtor, Frank Auditore. This execution recited the issuance of an execution against the property of the judgment debtor, and its return unsatisfied. Thereupon the judgment debtor moved to vacate this execution. The affidavit upon which the motion was based, made by the judgment debtor, recites the proceedings which have been recited herein, and in addition states that his imprisonment under the execution issued in favor of the Auditore Contracting Co., Inc., will not expire until September eleventh. This motion was granted upon the ground that under section 72 of the Civil Rights Law (as added by Laws of 1920, chap. 924) a " prisoner shall not be again imprisoned upon a like process issued in the same action or arrested in any action upon any judgment under which the same may have been granted." Section 768 of the Civil Practice Act provides in part, " another execution cannot be issued in the same action against his person." As I have previously said, section 768 of the Civil Practice Act relates to the proceedings of a single judgment creditor. What I have said in relation to that section is equally applicable to section 72 of the Civil Rights Law. No case exactly in point has been cited, nor have I been able to find one. However, I think that the opinion in *Koenig* v. *Steckel* (*supra*) indicates clearly that it was not the intention of the Legislature to permit the action of one judgment creditor to affect the rights of others, although their judgments were recovered in the same action. In that case the court said: " The taking of the body of Banzer in the execution was in law a satisfaction of the judgment so long as the imprisonment continued. The judgment was not thereby absolutely extinguished, but the imprisonment barred the creditor from all other remedy for the collection of the debt while

the debtor was in custody. The statute in certain cases, after the imprisonment is at an end, revives the remedy of the creditor against the property of the judgment debtor, but while it continues no other or different satisfaction can be obtained. The imprisonment suspends the lien of the judgment upon the real estate of the defendant, and the plaintiff meanwhile can neither bring an action on the judgment nor enforce collateral securities for its payment. The same consequences follow for the time being as from an actual satisfaction." If the contention of the judgment debtor is correct, then one judgment creditor can temporarily satisfy the judgments recovered in this action by the other judgment creditors. He may also permanently destroy at least one of the remedies of the other judgment creditors, because, if the judgment debtor's contention is correct, after the debtor has been imprisoned at the instance of one judgment creditor he cannot be imprisoned at the instance of any of the other judgment creditors in the action. In addition to this, during the time the judgment debtor is imprisoned his real property is freed from the lien of the judgment. This would permit one judgment creditor to suspend the lien of the other judgment creditors on the judgment debtor's lands. It seems to me that the statute intended no such result. I think it is quite clear that what is done by one judgment creditor is not intended by the Civil Practice Act or the Civil Rights Law to affect the remedies of other judgment creditors, even though their judgments are recovered in the same action and entered in the same record. Each judgment creditor is entitled to pursue his remedies without regard to the action or actions of other judgment creditors.

The order vacating the execution against the person of the judgment debtor should be reversed on the law, with ten dollars costs and disbursements, and the motion denied, with ten dollars costs.

KELLY, P. J., RICH, MANNING and YOUNG, JJ., concur.

Order in so far as it refused to grant leave to the Auditore Co., Inc., to issue an execution against the person of Frank Auditore, reversed on the law, without costs; order denying motion of the Auditore Co., Inc., for leave to issue execution against the person of said Auditore reversed on the law, without costs; order granting motion to vacate an execution against the person of said Auditore reversed on the law, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.