In the Matter of Thomas P. Moran, Judgment Creditor, against Stephen Toth, Judgment Debtor.

Supreme Court, Special Term, Bronx County, December 15, 1949.

*J. Stanley Cohen* for judgment creditor.

*Hallam W. Richardson* for judgment debtor.

*Cadwalader, Wickersham & Taft* for Bank for Savings, third party.

HAMMER, J. As appears from the notice of motion the attorney for the judgment creditor upon his affidavit in which he states he is fully familiar with all the facts applies for an order directing the third party, Bank for Savings, to pay to the attorney for the judgment creditor, the sum of $1,274.01 in order to apply it in part payment to the judgment of $2,661.50 now held by the judgment creditor against the judgment debtor, from the 9th day of June, 1949, with interest up to the date of such payment. It is shown in the papers that these moneys are part of the debtor's account on deposit in his name in the said third-party bank.

The papers disclose however that what is sought is an order directing payment without production of the passbook, and without furnishing a bond in double the amount involved as requested by the bank and as authorized by its by-laws, rules and regulations and to which the account is subject. Movant asserts all efforts made to obtain the passbook which apparently is in possession of the debtor have proved fruitless, and further that the bank's insistence upon the indemnity in double the amount involved under the circumstances here is unreasonable.

While in a proper case where the facts establish the bank's enforcement of its by-law requiring an indemnity bond is unreasonable such an order may be made (Banking Law, § 238, subd. 3; *Myers* v. *Albany Sav. Bank,* 270 App. Div. 466, affd. 296 N. Y. 562, motion for reargument denied 296 N. Y. 636; *Matter of Newsome,* 179 Misc. 862), and the order or judgment of the court directing payment might be protection for the third-party bank against any further liability arising out of such payment made pursuant to such order or judgment (Banking Law, § 238, subd. 3; Civ. Prac. Act, § 794; *Myers* v. *Albany Sav. Bank, supra; Matter of Newsome, supra; Matter of Jacobsen,* 178 Misc. 479), such question need not be here determined as it appears that upon return by the Sheriff of an execution against the debtor's property unsatisfied, a body execution was issued out of this court pursuant to section 764 of the Civil Practice Act, and on September 30, 1949, the debtor was taken into custody by the Sheriff, and lodged in Bronx County Jail, where the debtor now is and has been ever

since. Under such circumstances it would appear that the remedy here sought is suspended while the judgment debtor is imprisoned.

In *Parascandola* v. *Auditore* (215 App. Div. 277, 279, appeal dismissed 217 N. Y. 676) it was said: " Under the common law the imprisonment of the judgment debtor satisfied the judgment, but, under our present procedure, the imprisonment of the judgment debtor is but a temporary satisfaction of the judgment, or a suspension of the rights of the judgment creditor. (*Savage* v. *Sully,* 168 App. Div. 131, 134; *Hurlbutt* v. *Reid,* 190 id. 176, 179; *Koenig* v. *Steckel,* 58 N. Y. 475.) "

In *Koenig* v. *Steckel* (58 N. Y. 475, 476) it was held as follows: " The taking of the body of Banzer in the execution was in law a satisfaction of the judgment so long as the imprisonment continued. The judgment was not thereby absolutely extinguished, but the imprisonment barred the creditor from all other remedy for the collection of the debt while the debtor was in custody. The statute in certain cases, after the imprisonment is at an end, revives the remedy of the creditor against the property of the judgment debtor, but while it continues no other or different satisfaction can be obtained."

The motion, therefore, must be and is denied without prejudice, however, to the pursuit of such other remedy as the judgment creditor may be advised upon release of the debtor from imprisonment.