Daniel E. Fitzpatrick, J.
Application for an ex parte order of arrest.
The defendant herein appropriated moneys of another by a swift and effective conversion. In one practical maneuver he circumvented the red tape of customary legal methods of obtaining title. His disposition of the proceeds seems to have been as quick and efficient as his original appropriation. When defendant was compelled to face the moment of truth, his creditor, the plaintiff herein, had to be satisfied with a confession of judgment for conversion of funds, docketed on February 20, 1964, and a promise of extended repayments. Too often in life intentions and expectations are no match for reality. The promised and looked-for payments were not forthcoming.
Since the new CPLR 6111 at that time provided for the arrest of a judgment debtor “before or after judgment ”, the judgment-creditor-plaintifif applied for and on May 25, 1964 obtained an order of arrest for the judgment-debtor-defendant. In due course, he was brought before this court on June 24, 1964. His attorney (no novice in the art of pleas in abatement and extenuation) made an impassioned plea for his release, relating how in taking his misstep the defendant debtor had not only accomplished his own ruin professionally but had run the gamut of Hogarthian decline in a quick succession of impecuniousness, ultimate financial immobility, and, finally, that worst of all possible states, total dependence upon the kindness of relatives; that his failure to pay under such circumstances was not contumacious or willful; and he thereupon threw his client upon the mercy of the court. The court, wiping away a tear and not to be outdone in magnanimity, released defendant from custody on condition that he deposit bail in the sum of $1,000 *714 and pay the installments due on the judgment. Everyone then took his departure from the courtroom in an atmosphere of compassion and good will, with overtones of mutual forbearance and understanding and the warm feeling of a deed well done. The bail was duly posted and all seemed well.
As leopards are reputed not to be able to change their spots, it must regretfully be recorded that the defendant debtor remained in character and did not live up to the order of the court. An order was obtained and the Sheriff brought him before the court once more on November 12,1964. The defendant debtor appeared pro se, explaining that he had not paid his former lawyer for the moving eloquence in June and this must obviously explain why he had not made good on his promises — no money. In the interim, he had evidently worked himself up from nothing to a condition of extreme poverty. He did show, however, that he had the immediate prospect of a job offered to him which would not be available if he were incarcerated and certainly from his bankrupt self there would accrue no benefit to his judgment creditor who, after all, wanted only to be paid. The proffered employment offered some hope in this direction. This again made sense, as the saying is, and the court was again compassionate and sped him on his way, continuing the bail in $1,000 and directing him to pay the judgment or post a further bail in the sum of $3,500 by November 19, 1964. Failing this, he was to stand committed and an order for his arrest to issue without notice and the existing bond of $1,000 to be forfeited.
Were this court able to communicate with Shakespeare, it would be bound to inform him that while mercy cannot be strained in quality, it certainly can be strained in practice. The defendant defaulted again in obeying the directions of the court. The attorney for the judgment creditor now moves for an ex parte order committing the defendant as provided in the last order of the court.
The court would be most willing to accommodate the plaintiff creditor. But, the bald fact is that on September 1, 1964 the Legislature, in its sovereign wisdom, amended CPLR 6111 to remove therefrom the words “ after judgment”. In effect this means that in these actions arrests may no longer be applied for once judgment is obtained, except in those instances specified in CPLR 5250, of which this case is not one. Those specifically mentioned in that section are, debtor about to depart from the State, keeping himself concealed therein, or having property in his custody or possession in which he has an interest. Further, CPLR 10003 makes this amendment applicable to *715 pending actions and all further proceedings except where it would work injustice. This applies only to the deprivation of a substantive and not a remedial right. The last sentence only saves proceedings already completed up to the adoption of the provisions of the CPLB. Arrest is not a right but is clearly a remedy, and is so defined by CPLB 6001.
The Beports of the Advisory Committee set forth in McKinney’s Consolidated Laws of New York (Book 7B, CPLB, § 6111, Supp.) and discussed by Weinstein-Korn-Miller (N. Y. Prac., vol. 7, par. 6111) state that the whole theory and policy of the law now is to eliminate arrest as a remedy after judgment and to cease its use to enforce money judgments. They declared that the leaving of the words “ after judgment ” in CPLB 6111 as originally enacted was an oversight. That this is the declared policy of this State, and their belief that the leaving of the words “ after judgment ” in the CPLB was an oversight by the Legislature seems sound, is indicated by the amendment September 1, 1964 of CPLB 6111 referred to above which eliminated the words ‘ ‘ after judgment ’ ’ from the section. The note to the amendment of section 6111 by Professor Joseph M. McLaughlin states as follows: “ The 1964 amendment to this section cures one of the several anomalies surrounding arrest in an action at law. (See Supplementary Practice Commentary to CPLB 6101, supra). As originally enacted, this section would have allowed arrest in an action at law after final judgment, even though body executions had been abolished. Thus, it seemed that the legislature was taking with the left hand what they had given with the right. The amendment prohibits the issuance of an order of arrest in any action at law after final judgment.” That arrest can now be obtained only before judgment is clear. The defendant debtor would seem, therefore, to be entitled to a liberal application of section 10003 of the CPLB, securing him the benefits of the amendment to CPLB 6111. Otherwise, he would be in a similar position to the man sentenced to die in the electric chair two weeks before the Legislature abolishes capital punishment.
It is certainly true that this startling result, which this court renders with reluctance, deprives the plaintiff creditor from further pursuing a remedy available to him before the amendment and heretofore sustained as a valid one. (See Hurlbutt v. Reid, 190 App. Div. 176; Savage v. Sully, 168 App. Div. 131.) But since it is now the declared policy of the Legislature to do away with this type of remedy, plaintiff creditor is not being deprived of any substantive right — he still has his judgment but must enforce it by less spectacular and less drastic means. *716 It is no less disconcerting for a powerful court to find itself functus officio in a particular situation where it once held absolute sway — not only disconcerting but the phrase itself has a horrible and mocking ring to the judicial ear, and if tossed about indiscriminately among the uninitiated might even constitute fighting words. If the professors who drafted the new civil code accomplished nothing else by the erection of the CPLR upon the protesting carcass of the Civil Practice Act, they have made the ringing phrases of the Declaration of Independence “Life, Liberty and the Pursuit of Happiness ” achieve ultimate fulfillment 188 years later. The law at length is forced to recognize liberty as more precious than gold. From henceforth, after judgment in money actions, the leaden hand of the Sheriff may not descend upon the hapless victim without some direct affront to the dignity of the court. No such willful affront has been demonstrated upon the mere failure to obey the directions of a now somewhat doubtful order. Under these circumstances, the court has no cognizance of anything that touches its dignity. The law now seems to be that this ex parte order of arrest may not issue. As a consequence, the defendant debtor steps nimbly and safely away from the yawning jail door eager to clang closed upon him. There may indeed still be some unregenerate souls who question whether America is still the home of the brave; they may no longer doubt that it is still the land of the free. Application denied.