NATHAN J. GOLDBERG, Doing Business under the Assumed Name of " J. H. GOLDBERG & COMPANY," Plaintiff, *v.* IRVING VOLKMAN, Defendant.

Supreme Court, Monroe County, April 25, 1942.

*MacFarlane, Harris & Goldman,* for the plaintiff.

*William J. Sernoffsky,* for the defendant.

*Joseph J. Roetter, Deputy County Attorney,* for the county of Erie.

GILBERT, J. The facts out of which this motion arises are substantially as follows: The plaintiff Goldberg brought an action against the defendant Volkman for a conversion. The action proceeded to judgment which was entered in Monroe county clerk's office on December 23, 1941. On December 26, 1941, a transcript of the judgment was docketed in Erie county clerk's office and a property execution issued to the sheriff of said county which said execution was returned by the Erie county sheriff unsatisfied. Thereafter an application was made to Supreme Court Justice Hon. FRED D. CRIBB to issue to the Erie county sheriff a body execution and such an execution was issued on January 15, 1942. The body execution was forwarded to the Erie county sheriff and on or about February 9, 1942, the said sheriff took the defendant Volkman into his custody pursuant to the execution. Sometime thereafter the defendant in the custody of one Richard Mallion, criminal deputy, with defendant's attorney appeared before Hon. HAMILTON WARD, JR., in Erie County Court where some discussion was had concerning the validity of the body execution. The county judge ordered that the defendant Volkman be released in

the custody of his attorney and directed that the attorneys for the plaintiff be so notified. An indorsement to the effect that the defendant was released in the custody of his attorney was made upon the body execution. The plaintiff's attorneys, upon learning that the defendant had been released without payment of the judgment or posting of a bond for the jail limits, phoned one Clarence Obletz, an attorney with offices in Buffalo, and requested him to find out the reason for the release of the defendant. Thereafter a motion was made by the defendant to vacate the judgment entered on December 23, 1941, and that motion was denied. Thereafter, on or about February 27, 1942, the Erie county sheriff's office, through one Edward J. Schellerman, took the body execution which was still held by the sheriff to the same county judge and called the court's attention to the fact that, in accordance with the notation on the back of said execution, the defendant was still released in the custody of his attorney. Thereupon the judge made a further notation on the execution directing that it be returned unsatisfied and pursuant to such direction the Erie county sheriff returned the execution to the Monroe county clerk's office with a statement that the same was returned not satisfied.

The plaintiff now moves for a second body execution claiming that the release of the defendant by the sheriff of Erie county was unwarranted.

On this motion the attorney for the defendant urges that the first body execution was void by reason of the fact, as his affidavit states, that no affidavit was presented at the time application for the execution was made. This is denied by the plaintiff's attorneys and on the argument of the present motion the court was shown an affidavit which plaintiff claims was presented at the time application was made and pursuant to section 764 of the Civil Practice Act. In any event, the defendant made no motion to vacate the body execution, heretofore issued, although, as hereinbefore stated, a motion was made to vacate the judgment upon which the execution had issued and this motion was denied.

It is difficult to understand the procedure followed by the defendant's attorney in going before the County Court of Erie County in the manner hereinbefore stated. This was an execution issued out of the Supreme Court and I find no authority for the proceeding taken in Erie county.

The defendant claimed on this motion that the plaintiff consented to the release of the defendant by the sheriff of Erie county and for this reason a second body execution cannot issue. However, the affidavit shows that the release by the sheriff occurred prior to the time plaintiff had any knowledge of the fact. Nowhere in

the papers does it appear that the plaintiff or his attorneys consented to the release but it expressly appears that the defendant was released by the Erie county judge in the custody of defendant's attorney. This amounts to an escape as contemplated by section 769 of the Civil Practice Act (former section 1492 of the Code of Civil Procedure).

*Eads* v. *Wynne* (79 Hun, 463) is a case which deals with a very similar situation. In that action the defendant was released by the sheriff at the request of the attorney for the plaintiff in order that he might be arrested on a criminal charge. The court there held that the attorney could not destroy the plaintiff's rights without her consent and in the opinion stated: " As the plaintiff never consented to the surrender of Wynne, and as Dawson [the plaintiff's attorney] had no authority to so consent, it follows that such surrender was an escape for which the plaintiff was not responsible, either in fact or in law. It follows, too, that, as she did not consent to the surrender, she may issue a new process and retake the defendant. (Code Civ. Proc. § 1492; *Wesson* v. *Chamberlain,.* 3 [N. Y.] 331.) "

The theory of the common law behind the rule that a judgment debtor held under a body execution might not be retaken under another body execution in the same action was that the imprisonment paid the debt and a release of the prisoner with the consent of the judgment creditor was in effect an acknowledgment that the debt had been liquidated, and, if the creditor had taken security or a promise, he would be held to that security or promise for a satisfaction; the body of the debtor could not be retaken. The present statutory provisions have modified the old rule to the extent that a release of the judgment debtor with the consent of the judgment creditor, does not affect the creditor's right to enforce his judgment by property execution but only cancels or exterminates his right to another body execution.

There are a number of cases which hold that a release secured by a promise of the debtor to pay and an agreement on the debtor's part to surrender himself to the sheriff in the event he does not fulfill his promise, does not prevent the issue of a second body execution in the event the debtor defaults. (*Hurlbutt* v. *Reid,* 190 App. Div. 176; *Savage* v. *Sully,* 168 id. 131.)

As it clearly appears that the release of the defendant from the custody of the Erie county sheriff was not with the consent of the plaintiff and without warrant in law, there is no statutory bar to the issuance of a second body execution.

An order may be entered accordingly.